## FIRST NAT. BANK OF CASEY, ILL., v. KORNEGAY.

No. 4101.  Opinion Filed January 26, 1915.

(146 Pac. 22.)

**APPEAL AND ERROR—Discretionary Ruling Granting New Trial.**
The discretion of the trial court in sustaining a motion for a new trial, seasonably filed, is so wide and extensive that its

action in so doing will not be disturbed on appeal, unless it clearly appears that the court erred upon some clear and unmixed question of law.

(Syllabus by Brewer, C.)

*Error from County Court, Jackson County;*

*B. N. Woodson, Judge.*

Action by the First National Bank of Casey, Ill., against K. R. Kornegay. Judgment for plaintiff, and, from an order granting a new trial, it appeals. Affirmed.

*Tisinger, Clay, Robinson & Hamilton,* for plaintiff in error.

*Gore & Horton,* for defendant in error.

Opinion by BREWER, C. This is an appeal from an order of the county court granting a new trial. At the close of the evidence at the trial of the case, both the plaintiff and the defendant demanded an instructed verdict. The jury was discharged, and the court found in favor of the plaintiff, now the plaintiff in error in this case. Within proper time a motion for a new trial was presented to the court, in which a number of grounds were relied upon. For instance: (1) That the judgment of the court is not sustained by sufficient evidence; that it is contrary to law. (2) The reception of incompetent evidence. (3) The rejection of competent evidence. (4) For errors of law occurring at the trial.

At a hearing upon the motion for a new trial, the same was granted in a general order as follows:

"And on the same day defendant filed his motion for a new trial, which was by the court on the same day duly considered, and, upon due consideration of the same, said motion was by the court sustained."

From what has been said it is manifest that it is impossible for this court to ascertain the reasons impelling the trial court in granting a new trial. In this regard the discretion of the trial court is a very wide and extensive one, and it has been held, in

a long line of cases, that this discretion will not be disturbed on appeal, unless it clearly appears that in granting a new trial the court erred upon some pure and unmixed question of law. That the court did so err in this case cannot be declared, because we do not know the reasons it had in mind when so acting. The reasons for the line of decisions upon which the holding here is based are discussed in *St. L. & S. F. R. Co. v. Wooten*, 37 Okla. 444, 132 Pac. 479, and therein are cited a number of the very long line of authorities to the same effect, and which we consider it unnecessary to again set out.

The cause should be affirmed, which will have the effect of leaving the case in the trial court to be tried out on its merits.

By the Court: It is so ordered.