**ELDRED v. PITTSBURG COUNTY RY. CO.**

No. 12219—Opinion Filed Nov. 6, 1923.

**1. Appeal and Error—Discretion of Trial Court—New Trial.**

The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law.

**2. Same—Presumptions—Grant of New Trial.**

A motion for a new trial is addressed to the sound, legal discretion of the trial court, and where the trial judge who presided at the trial of the case sustains such motion, every presumption will be indulged that such ruling is correct.

**3. Same—Showing for Reversal.**

As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Agnes Eldred against Pittsburgh County Railway Company, a corporation. Verdict for plaintiff in the sum of $1,000. Plaintiff refused to file a remittitur of all above $600 as required by the court, and a new trial was granted. Plaintiff appeals. Affirmed.

C. C. Null, for plaintiff in error.

James H. Gordon, for defendant in error.

Opinion by RAY, C. The verdict was for $1,000 in favor of the plaintiff and against the defendant for personal injuries received by the plaintiff when one of the defendant's electric cars on which plaintiff was riding as a passenger was derailed or partially left the track. On motion for a new trial made by the defendant the trial court announced that if the plaintiff would file a remittitur of $600 the motion for a new trial would be overruled, otherwise granted. The plaintiff refused to file such remittitur and a new trial was granted. From the order granting a new trial plaintiff appeals and assigns errors as follows:

" ) That the said court erred in ordering a remittitur of $600 of the $1,000 verdict by the jury.

"(2) That the said court erred in granting a new trial."

"The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple and unmixed question of law." Citizens' State Bank v. Chattanooga State Bank, 23 Okla. 767, 101 Pac. 1118; National Refrigerator & Butchers' Supply Co. v. Elsing, 29 Okla. 334, 116 Pac. 790; Trower v. Roberts, 17 Okla. 641, 89 Pac. 113; Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890; Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982; Chapman v. Mason, 30 Okla. 500, 120 Pac. 250; Linderman v. Nolan, 16 Okla. 352, 83 Pac. 796; Jacobs v. Perry, 29 Okla. 743, 119 Pac. 243; Missouri, K. & T. R. Co. v. James, 61 Okla. 1, 159 Pac. 1109.

"A motion for a new trial is addressed to the sound, legal discretion of the trial court, and where the trial judge who presided at the trial of the case sustains such motion, every presumption will be indulged that such ruling is correct." KKK Medicine Co. v. Harrington, 83 Okla. 201, 201 Pac. 496.

The evidence shows that plaintiff boarded defendant's electric railway car at Dow to go to McAlester. About one-half mile west of the town of Bache the front wheels of the car left the track and plaintiff was thrown forward against the seat in front of her and fell astride the irons which held the seat and received numerous bruises about the legs, arms, and hands. She walked from the car and entered an automobile and was driven to the town of Alderson, caught a car for McAlester, where

she went with Dr. Watson, who was on the same car with her at the time of the accident, to his office where an examination was made of her injuries. He testified that she appeared to be bruised from her ankles entirely up the inside of both legs and bruised on the left arm. He said she was thoroughly shaken up and was complaining of bruises generally, but he gave her no treatment as he thought the bruises would heal in the ordinary course. She was never confined to her bed or room and the evidence does not show that the injuries ever interfered with her ordinary household duties or other activities. About a year after the accident she went to Dr. Mahaffey, an osteopath, for treatment. He said that she appeared to be suffering with extreme nervousness, headache, backache, and sciatic trouble which he thought was probably the result of an injury. Her testimony was that she suffered from headache and backache and, on cross-examination, that she had suffered with both prior to the accident but that they were different kinds of aches from that suffered since the accident. There was no evidence offered as to loss of time or medical expenses. It is clear from the evidence that the defendant was liable for whatever injuries she actually suffered.

A new trial was granted under 4th subdivision of section 572, Comp. Stat. 1921, which provides for a new trial for excessive damages, appearing to have been given under influence of passion or prejudice.

The trial court had opportunity to observe the plaintiff and her witness while testifying, and the jurors during the progress of the trial. He was better able to say whether passion and prejudice probably entered into the verdict than can this court who has before it only the printed words of the witness.

Midland Valley R. R. Co. v. Hilliard, 46 Okla. 391, 148 Pac. 1001, cited by plaintiff in error, is not in point for the reason that the only question here presented is as to whether there was an abuse of discretion on the part of the trial court in granting a new trial. Plaintiff cites in her brief and relies upon C., R. I. & P. R, R, Co. v, Devore, 43 Okla. 534, 143 Pac. 864, Ferris et al. v. Shandy, 71 Oklahoma, 174 Pac. 1060, Dickinson v. Whitaker, 75 Okla. 243, 182 Pac. 901, and Sharum v. Sharum, 82 Okla. 266, 200 Pac. 176. These cases likewise are not in point, for the reason that in each case the verdict was approved by the trial court and the question was whether there had been an abuse of discretion in denying the motion for a new trial.

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal. Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113.

The order of the trial court granting a new trial should be affirmed.

By the Court: It is so ordered.