## PATRICK v. SILISKIS.

No. 14373—Opinion Filed Nov. 13, 1923.

Rehearing Denied Jan. 29, 1924.

Second Rehearing Denied Dec. 16, 1924.

1. **Evidence — Photographs — Surroundings of Accidents.**

Photographs purporting to depict the conditions at the point of accident may be admitted in evidence, if it is proven or admitted that the objects surrounding the scene of the accident are in the same condition as they were at the time of the acts complained of, but may not be admitted as a "stage setting" for the purpose of re-enacting the accident.

2. **Appeal and Error — Questions of Fact — Verdict.**

Where issues of fact are submitted to a jury under instructions fairly covering the law applicable to such facts, a verdict upon conflicting testimony will not be disturbed, there being sufficient testimony to reasonably sustain the verdict.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Sam Patrick against Joe Siliskis. Judgment for defendant, and plaintiff brings error. Affirmed.

Joe A. Brown and Hulsey, Null & Hulsey, for plaintiff in error.

R. H. Matthews, for defendant in error.

Opinion by RUTH, C. The plaintiff filed his action in the district court of Pittsburg county to recover judgment against the defendant for damages, and from a judgment for the defendant, plaintiff brings this cause here regularly for review.

Briefly stated, the plaintiff's petition alleges he was standing against a gate on the street side of a yard talking to a person in the yard, and defendant drove his automobile against the plaintiff, injuring plaintiff, and claims actual damage and punitive damages in the sum of $1,575. Most of the witnesses were of foreign birth and evidence was introduced through an interpreter. The plaintiff's evidence was to the effect that he was standing at the gate and defendant drove his automobile within two feet of the fence, and struck the plaintiff; that the automobile stopped within five feet; that plaintiff was bruised about the leg and back, the skin broken above his eye; that his trousers of the value of $35 were torn; that his shirt, of the value of $12, was torn; that medical attention cost him $25, and the injury to his leg and the shock to his nervous system was $1,000. The punitive damage of $500 is prayed for the reason that the acts of the defendant were recklessly and carelessly and negligently done.

Plaintiff was a coal miner and testified that before the accident he would sometimes dig seven tons of coal a day, and after the accident he could dig four or five tons, and went to work the day after the accident. The doctor testified the plaintiff came to his office two or three times; that his arm and knee were bruised and a slight cut over his eye; he charged him five or six dollars and does not remember plaintiff ever complaining of an injury to his back.

The evidence disclosed that Chickasaw avenue in Hartshorne at the point of the alleged accident is uncurbed, unguttered, and unpaved, and is a dirt road from proper-

ty line to property line, and the defendant's evidence, and the evidence of all of defendant's witnesses, some of whom were first introduced by the plaintiff, was uniformly to the effect that "when Joe's (defendant's) car came up, Sam (plaintiff) tried to jump on it and was hurt." Mike Senekor testified he was a coal miner and a "buddy" of Sam (plaintiff), and that Sam tried to jump on Joe's (defendant's) car. Maggie Polonis to whom Sam (plaintiff) was talking at the gate, testified when Joe's (defendant) car came up, "Sam just tried to hop on." Gusta Polonis, daughter of Maggie, to whom Sam was talking, testified that when "Joe's car came up, Sam, he just tried to jump on."

The defendant introduced certain photographs over the objection of the plaintiff, and if the testimony presented a close question as to the actual facts, the admission of these photographs might give us some concern, as they were taken one year after the accident, and showed an automobile standing by the tree near the gate and a man leaning on the gate. The testimony of witnesses fixed the point at which the automobile stopped on the day of the accident as being from two to five or six feet from the fence or gate: the street, fence, and gate were admitted to be in the same condition at the time the photographs were taken as at the time of the accident, and while a photo taken at the time of the accident or so closely thereafter in point of time that the actual conditions may be disclosed at the time of the accident, or taken thereafter for the purposes of showing the street or objects are in the same condition and position, is admissible as a general rule, this rule will not be extended to permit the "setting of the stage" to reenact the tragedy or accident and courts should be very careful to obliterate from such photographs all objects not present and in the exact position as they were at the time of the accident, before submitting them to a jury as an observance of this rule will often times prevent a reversal of judgment and save vexations and costly delays incident to new trials.

Viewing all the evidence in a light most favorable to the plaintiff, we cannot say that the introduction of these photographs, under the conditions, was harmful error, or cause for reversal. The cause was submitted to the jury upon proper instructions. It has been well settled by a long line of authorities in this state that:

"Questions of fact are for the jury and where there is conflicting evidence, this court will not weigh the evidence to determine the sufficiency thereof, and if there is any evidence reasonably tending to sustain the verdict, and the cause has been submitted to the jury, under proper instructions, it will not be disturbed by this court on review." Sharp v. Pawhuska Ice Co., 90 Okla. 211, 217 Pac. 214.

For the reasons herein stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.