### METROPOLITAN LIFE INS. CO. v. PLUNKETT.

No. 13829—Opinion Filed Jan. 6, 1925.

Rehearing Denied March 31, 1925.

**1. Insurance—Presumption—Suicide.**

Upon an issue of suicide self-destruction is never presumed.

**2. Appeal and Error—Presumptions—New Trial—Discretion of Trial Judge.**

A motion for a new trial is addressed to the sound, legal discretion of the trial court, and where the trial judge who presided at the trial of the case sustained such motion, every presumption will be indulged that such ruling is correct.

**3. Same.**

Record examined and held, that the record fails to disclose a clearly established error in respect to some pure, simple, and unmixed question of law which would justify

the appellate court in reversing an order of the trial judge granting a new trial.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by Lydia Plunkett against Metropolitan Life Insurance Company. From judgment granting plaintiff new trial, defendant appeals. Affirmed.

W. L. Chapman and Embry, Johnson & Tolbert, for plaintiff in error.

Wyatt & Waldrep, for defendant in error.

Opinion by LYONS, C. The plaintiff sued defendant on a policy of insurance issued by defendant, whereby the defendant had insured the life of her husband in the principal sum of $2,500, the plaintiff being named as the sole beneficiary in said policy. The defendant made the defense of nonliability under such policy on the following clause therein contained:

"If the insured within one year from the issuance hereof, die by his own hand or act, whether sane or insane, this policy shall become null and void and the company will return only the premiums which have been received thereunder."

Upon the trial of the cause to a jury a verdict was returned in favor of defendant insurance company. The trial court granted plaintiff's motion for a new trial without specifying any reason or ground for the granting thereof. The appellant contends that the order of the trial court awarding a new trial is reversible error under the rule announced in Hagan v. Bailey, 27 Okla. 15, 110 Pac. 890; Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982; and St. Louis & S. F. Ry. Co. v. Wooten, 37 Okla. 444, 132 Pac. 479, where the rule is laid down as follows:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law."

The appellant also cites First National Bank of Casey, Ill., v. Kernagy. 44 Okla. 666, 146 Pac. 22; Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113; Hughes v. C., R. I. & P. Ry. Co., 35 Okla. 482, 130 Pac. 591.

It is the contention of the appellant that the evidence in this case discloses clearly and unmistakably that the deceased committed suicide and that therefore the verdict in favor of the defendant in the court below was unmistakably correct, and should not be disturbed. It is true that there is circumstantial evidence strongly pointing toward the theory of suicide.

However, we must have in mind the following principles:

(1) The presumption is that the death of the insured was not by suicide, where the evidence is compatible either with the theory of accidental death, or self-destruction.

(2) That the consensus of opinion is that when circumstantial evidence is relied upon to establish death by suicide, the party making the averment must prove it by facts which exclude every reasonable hypothesis of natural and accidental death. 14 R .C. L., sec. 417, page 1237; Penn. Mutual Life Ins. Co. v. Spaulding, 50 Okla. 307, 150 Pac. 494.

(3) That as the granting of a new trial only places the parties in a position to have the issues between them again submitted to a court or jury. the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal. McGhee v. Hurst, 91 Okla. 258, 217 Pac. 368.

(4) The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law. Eldred v. Pittsburg County Ry. Co., 93 Okla. 163, 220 Pac. 351.

(5) A motion for a new trial is addressed to the sound. legal discretion of the trial court, and, where the trial judge who presided at the trial of the case sustained such motion, every presumption will be indulged that such ruling is correct. K. K. K. Medicine Co. v. Harrington. 83 Okla. 201, 201 Pac. 496.

When this appeal is tested by the foregoing principles it is clear that the decision of the trial judge must be sustained. It was the contention of the plaintiff that an inference of accidental death or death by apoplexy might be drawn from the circumstances disclosed in this case. No motive for suicide was presented. The deceased had been in the habit of purchasing carbolic acid, or at least purchased it frequently for a disinfectant, and it is the theory of the insurance company that the facts disclosed a self-inflicted death caused by the intentional drinking of carbolic acid, and that such facts warrant no other reasonable inference and admit of no doubt. The attending physician at the time of the death. it is true, gave suicide as the cause thereof, but upon a full consideration of the circumstances he chang-

ed his opinion and refused to testify, that in his opinion suicide was the cause of the death. We have examined the testimony and we are by no means convinced that the showing is so strong that the trial court was not warranted in granting a new trial.

The trial court heard the witnesses and saw the entire picture as a whole; we must rely wholly on the cold record contained in the case-made. Under these circumstances we are not called upon to say that the learned trial court erred in granting a new trial.

Every presumption is in favor of the regularity of the trial court's action. He sits as the thirteenth juror, and if he is not satisfied with the fairness and justice of the result it is his duty to order a retrial. No reason is given for the action of the trial court and the presumption of correctness therefore applies with especial vigor and force.

The judgment of the trial court therefore is affirmed.

By the Court: It is so orderd.

Note:—See under (1) 25 Cyc. p. 930: (2) 4 C. J. p. 782, 29 Cyc. p. 1008; (3) 4 C. J. p. 833.