### KANSAS CITY SOUTHERN RY. CO. v. WATERS.

No. 17220—Opinion Filed Oct. 5, 1926.

**1. Evidence—Photographs of Surroundings of Accident.**

Photographs which accurately reproduce material evidence relating to objects and the ground where an accident occurs are competent as evidence in the trial of a cause resulting from the alleged injury.

**2. Same — Exclusion of Photographs Reversible Error.**

Record examined; held, that it was reversible error to exclude the photographs offered as evidence by the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by A. Z. Waters against the Kansas City Southern Railway Company, for damages resulting from personal injury. Judgment for the plaintiff, and defendant brings error. Reversed and remanded.

James B. McDonough, Arnold & Woodruff, and W. L. Chase, for plaintiff in error.

John A. Goodall, for defendant in error.

Opinion by STEPHENSON, C. A. Z. Waters commenced his action against the Kansas City Southern Railway Company, for damages suffered on account of a crossing collision. The trial of the cause resulted in judgment for the plaintiff. The defendant has perfected its appeal and assigns several rulings of the trial court as error for reversal. One of the propositions submitted is: That the court committed error in excluding several photographs offered as evidence by the defendant.

On the morning of the accident the plaintiff was traveling in his Ford coupe along the Sequoyah Trail, in an easterly direction. The highway crossed the defendant's line of railway at right angles, about 1,000 or 1,500 feet south of the depot in the town of Westville. A passenger train of the defendant was traveling south from the depot in the direction of the public highway crossing. The right of way at the intersection is about 50 feet wide on either side of the track. The highway and the railway are constructed on the natural surface of the ground.

According to the evidence the plaintiff's Ford coupe driven by him, collided with the engine of the passenger train on the crossing, which resulted in the total destruction of the coupe and personal injury to the plaintiff. The evidence of the plaintiff was to the effect that he looked and listened for an approaching train before going on to the crossing, but did not see the train until about the time it collided with the coupe. In explanation of his failure or inability to see the approaching train, the plaintiff testified that a peach orchard was situated on his left along the right of way of the railway line, and that a limb of one of the trees extended out over the right of way. He further testified that there was underbrush along the right of way to the left, which obstructed the view of the train approaching the crossing from the north.

The accident occurred on the 17th day of April. The defendant caused several photographs to be taken of the grounds on the following day. The photographs showed the peach orchard and grounds on and adjacent to the crossing. The photographs are a reproduction of the objects, conditions, and grounds, as they existed at the time of the accident. The extent of obstruction offered by the underbrush and foliage of the peach trees at the time of the accident was a material matter in the trial of the cause. We think several of the photographs would have aided the jury in passing upon this question. The photographs might have been helpful to the jury in determining the distance or visibility of the approaching train. This was a question involved in the determination of the question of care exercised by

the plaintiff. The defendant introduced these photographs in evidence in the trial of the cause, which were excluded on motion of the plaintiff, except that marked "Exhibit 2." The defendant has the right to offer in evidence photographs which are a reproduction of the objects as they existed at the time of the accident. The defendant may offer in evidence photographs which are an accurate reproduction of the grounds at the time of the accident, if these matters become material questions for consideration in the trial of the cause. The extent to which the underbrush and peach orchard affected plaintiff's visibility of the approaching train, was a material question in the trial of the case. Photographs of the orchard and grounds would have been helpful to the jury in determining the question. The court committed reversible error in excluding the evidence. Patrick v. Siliskis, 105 Okla. 51, 222 Pac. 543; St. L. & S. F. Ry. Co. v. Dale, 36 Okla. 114, 128 Pac. 137; St. L. & S. F. Ry. Co. v. Nichols, 39 Okla. 522, 136 Pac. 159: Smith v. Territory, 11 Okla. 669, 69 Pac. 805; St. L. & S. F. Ry. Co. v. Horn (Ark.) 269 S. W. 576; Faatz v. Sullivan (Iowa) 200 N. W. 321; Braelow v. Klein (N. J.) 125 Atl. 103; Bretall v. Mo. Pac. Ry. Co. (Mo. App.) 239 S. W. 567; Griggs v. K. C. So. Ry. Co. (Mo.) 228 S. W. 508.

It would serve no useful purpose to analyze the other propositions submitted, as the rejection of the photographs offered by the defendant as evidence in the trial of the cause must operate to cause a reversal of the case.

The cause is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. p. 917, §119; 51 L. R. A. (N. S.) 853; 27 A. L. R. 913; 5 R. C. L. Supp. p. 589.  (2) 4 C. J. p. 1003, §2986.