## JARECKI MFG. CO. et al. v. THAMES.

No. 20491.   Opinion Filed Sept. 29, 1931.

M. A. Dennis, for plaintiffs in error.

A. L. Beckett, for defendant in error.

CLARK, V. C. J.  This action was commenced in the district court of Okmulgee county by defendant in error herein, Tell Thames, against the plaintiff in error herein, Jarecki Manufacturing Company, a corporation, and R. G. Rapp.  The parties will be referred to as they appeared in the trial court.

The action of the plaintiff was for burial expenses of his five-year old son, whose death was alleged to have been occasioned by the negligence of the defendants, through their agents and servants, in the operations of loading of casing upon their ricks in their storage yards in the city of Okmulgee, and alleging that the storage yard was unenclosed and constituted an inviting, interesting, and desirable playground for the children of the neighborhood, with the full knowledge of the defendants, and defendants had placed no signal or enclosures to the use of such yard; the action being predicated upon the theory that the defendant maintained and operated an attractive nuisance.

The defendant Jarecki Manufacturing Company filed its answer by way of general denial and admitted that it had secured a license from the St. Louis & San Francisco Railroad to use a small tract along its right of way for the purpose of unloading and storing and ricking oil well casing, etc.; said tract of ground was between the siding or switch tracks of said railroad, and that switch engines are continually switching and running back and forth on said tracks, all of which constituted a danger for the children.  That it was impossible to enclose the same, as the equipment was being unloaded continually.  Denied the agency of

the alleged employee on the ground at the time of the injury to the son of the plaintiff. Denied that the death of the minor child was caused by the negligence of the defendant. Alleged that son of plaintiff, together with other small children, unaccompanied by an older person, was a trespasser on the right of way of the railroad company and the unloading and storage yard of the defendant. That the death of the son was caused by want of due care on the part of the said deceased son and the parents of the said deceased son in permitting said deceased son to run at large and go upon the right of way yards of the railroad company and the ground licensed to this defendant.

The answer of defendant R. G. Rapp was by way of general denial; denied that the party alleged by plaintiff to be loading the casing on the day of the injury to the son of plaintiff was the agent or employee of either of the defendants.

Upon the trial of the cause to a jury, a verdict was returned in favor of the defendants. The plaintiff filed a motion for a new trial in words and figures, omitting the caption thereof, as follows:

"1. Because the court erred in admitting the evidence offered by the defendants over the objection of the plaintiff.

"2. The court erred in excluding evidence offered by the plaintiff upon the objection of the defendants and to the exclusion of which the plaintiff duly excepted.

"3. For errors of law occurring at the trial, and which were duly excepted to by the plaintiff.

"4. The court erred in refusing to give instruction numbered 1 of the instructions offered by the plaintiff.

"5. The court erred in giving instruction numbered 5 of the instructions given by the court.

"6. The verdict of the jury is not supported by the evidence.

"7. The verdict of the jury is contrary to the evidence.

"8. The verdict of the jury is contrary to law.

"9. The verdict of the jury is contrary to the law and the evidence."

The trial court granted plaintiff's motion for a new trial without specifying any reason or ground for the granting thereof. To which order of the court, in granting a new trial, the defendants bring the cause here for review and contend that the trial court erred in sustaining the motion of plaintiff for a new trial.

In passing upon this appeal from the order of the trial court in granting a new trial herein without giving any reason therefor, we must bear in mind the following principles announced by this court:

In the case of Eldred v. Pittsburg County Ry. Co., 93 Okla. 163, 220 P. 351, in the first, second, and third paragraphs of the syllabus thereof, this court said:

"1. The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law.

"2. A motion for a new trial is addressed to the sound, legal discretion of the trial court, and where the trial judge who presided at the trial of the case sustains such motion, every presumption will be indulged that such ruling is correct.

"3. As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal."

And in the case of Creekmore v. City of Tulsa, 139 Okla. 249, 281 P. 782, this court said in the syllabus as follows:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law."

The plaintiffs in error insist that the trial court abused its discretion in setting aside the verdict of the jury in this action and granting plaintiff a new trial, and dwelled at length as to the merits of the action.

The defendant in error calls particular attention to the fact that the defendants did not plead contributory negligence and the court erred in giving instruction No. 5, which is as follows, to wit:

"You are instructed that it was the duty of the plaintiff, in the care and custody of their son, to have exercised such degree of care and prudence in keeping him off defendant's yard and out of danger, which was reasonable and prudent under like circumstances, as shown by the evidence; and a failure to exercise such a degree of care and prudence would render plaintiff guilty of

negligence, and if you find that said accident would not have happened except for such negligence of the parents, then your verdict will be for the defendants unless you shall find as hereinbefore instructed."

From examination of the testimony and records in this case, and the briefs filed herein by plaintiffs in error, we are by no means convinced that the showing is so strong that the trial court was not warranted in granting a new trial. The trial court saw the witnesses and heard the testimony, and we must rely wholly upon the records contained in the case-made, and, under these circumstances, we cannot say that the trial court erred in granting a new trial.

The judgment of the trial court is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.

Note.—See under (1) 2 R. C. L. 217; R. C. L. Perm. Supp. p. 386; R. C. L. Pocket Part, title, Appeal, § 182 (2) 2 R. C. L. 219; R. C. L. Perm. Supp. p. 390; R. C. L. Pocket Part, title Appeal, § 184.