## MASSEY v. IVESTER et al.

No. 22301.　June 19, 1934.

Meacham, Meacham & Meacham, for plaintiff in error.

Bingham, Clearman & Speed, for defendants in error.

BAYLESS, J. This action was filed in the district court of Beckham county by Carl Massey, by his next of friend, W. A. Massey, hereinafter referred to as plaintiff, against J. W. Ivester, Clay Ivester, and J. W. Ivester & Sons, a partnership. hereinafter referred to as defendants. Plaintiff in his petition alleges that on or about the 7th of January, 1930, he was driving his Ford car in a southerly direction on U. S. Highway No. 66 about three-fourths of a mile south of Foss, Okla., and at a reasonable rate of speed, and that the defendant Clay Ivester, for himself and acting as an agent and employee of the other defendants. was driving a certain truck along said highway in a northerly direction, and that on a hill on said highway, the defendant Clay Ivester

drove said truck on the west side of the highway as he approached the top of the hill, and that while so driving on the wrong side of the road, the car of the plaintiff and the truck of the defendants had a collision whereby the plaintiff sustained a broken leg and other body injuries and damage to his car. The defendants answered by general denial and a plea of contributory negligence on the part of the plaintiff. Cause was tried to a jury, and a verdict in favor of the defendants was returned. From the judgment thereon, the plaintiff has appealed.

Plaintiff makes eight assignments of error and discusses them under five propositions. It will only be necessary to consider two for a determination of this appeal.

The contention of the plaintiff is that the court erred in allowing the defendants to offer in evidence over the objections of the plaintiff certain photographs taken a long time subsequent to the accident and without proper identification and for the purpose of misleading the jury. We are of the opinion that this assignment is well taken. The photographs in question were posed some several months after the collision took place, and were not offered as true pictures of the existing conditions nor to establish the topography or other permanent conditions which we have held to be proper in St. Louis & S. F. R. Co. v. Dale, 36 Okla. 114, 128 P. 137, but were pictures of scenes set up by the defendants for the purpose of illustrating their theory of the case, and as such came squarely within the inhibition heretofore laid down by us in Colonial Ref. Co. v. Lathrop, 64 Okla. 47, 166 P. 747, wherein it was held:

"The probative value of photographs depends upon their accuracy. They must be shown by extrinsic evidence to be faithful representations of the place or subject, as it existed at the time involved in the controversy. And photographs taken to show more than this, with men in various assumed positions, and things in various assumed situations, intended only to illustrate hypothetical situations, and to explain certain theories of the parties, are incompetent."

While the court, in admitting these photographs in evidence, stated he was admitting them as an illustration of the roadway, the pictures themselves clearly indicate that this was not the purpose for which they were introduced, and constitute prejudicial error. See, also, Patrick v. Siliskis, 105 Okla. 51, 222 P. 543.

The next contention of plaintiff is that the court committed error in permitting the defendants to offer testimony that the defendant driver of the truck was a competent and careful driver. This was unquestionably error on the part of the court, and is in effect conceded by defendants in their brief. We cannot say that it was harmless. See Johnson v. Caughren (Wash.) 104 P. 170, and Pantages v. Seattle Electric Co., 55 Wash. 453, 104 P. 629.

We deem it unnecessary to discuss the other assignments of error.

For the reasons stated, the cause is reversed and remanded, with directions to grant a new trial.

RILEY, C. J., and ANDREWS, McNEILL, and WELCH, JJ., concur.