McCUISTON et al. v. CHRISTIAN.

No. 32408. Sept. 17,1946.

172 P. 2d 610.

Grigsby & Eberle, of Oklahoma City, for plaintiff in error.

John F. Thomas, of Lawton, for defendant in error.

DAVISON, J. This is an action for damages growing out of the alleged negligent act of the driver of defendants' automobile in backing said car against the car driven and owned by plaintiff. Plaintiff sought to recover $4,800 for personal injuries alleged to have been suffered by her and for the additional sum of $200 as actual damages to her automobile. The cause was tried to a jury and resulted in a verdict for $75 in favor of plaintiff. Thereafter, plaintiff's motion for a new trial was timely filed, sustained, and a new trial granted, and defendants have perfected this appeal. The only assignment of error presented in the appeal is the error of the trial court in sustaining plaintiff's motion for new trial.

The main ground for a new trial urged by plaintiff was the misconduct of one of the defendants and one of the jurors, in this: That L. S. Cable, one of the jurors who sat on said cause and joined in the verdict, was a brother of Joe Cable, one of the defendants, and that the defendant Joe Cable failed to disclose this fact to the court or to plaintiff; also, that plaintiff did not challenge or object to said juror for the reason that neither she nor her counsel knew that said juror was a brother of one of the defendants until after the verdict was returned, and that had such fact been known said juror would have been challenged. For these reasons plaintiff stated that she did not have a fair and impartial trial.

In granting the new trial defendants requested the court to state the ground on which the motion for new trial was granted. In compliance with this request the court stated:

"The motion for new trial is sustained, because of the fact that it is admitted that one of the jurors in the case was a brother to the defendant in the case, and that affidavit filed by the attorney representing the plaintiff, Mr. Thomas, is unchallenged and stands as conclusive evidence and proof before the court that neither the plaintiff nor the plaintiff's counsel had knowledge of the relationship of the juror and the defendant at the time the case was tried, and the court is of the opinion that to permit the verdict to stand would be improper, in view of the circumstances."

The order granting a new trial was based solely on the foregoing ground.

The only question to be decided is as to whether there was an abuse of discretion on the part of the trial court in granting the new trial.

The defendants cite a number of authorities in support of their view. However, the cited cases are distinguishable from the case at bar. Defendants rely heavily on the case of Ex parte Cameron, 78 Okla. Cr. 42, 143 P. 2d 164. That case was decided by the Criminal Court of Appeals on petition for a writ of habeas corpus long after final judgment and it appears that the writ was denied because grounds for new trial would not be considered in habeas corpus proceedings unless they go to the jurisdiction of the trial court. The body of the opinion further discloses that one of the jurors was the father of the prosecutor. The court stated that "doubtless it was known to petitioner's counsel whether there was a relationship."

The case of Bristow et al. v. Carrigar et al., 37 Okla. 740, 132 P. 1110, and several other cases cited by defendants are distinguishable for the reason that in these cases the motions for new trials were overruled, while in the present case the motion was sustained. Other distinguishable features appear in the cited cases. None of the cited cases

where the motions for new trials were overruled show a state of facts as strongly prejudicial as in the instant case, where juror was a brother of defendant.

Some of the cited cases, such as Price et al. v. Humble Oil & Refining Co. et al. (Tex. Civ. App.) 152 S.W. 2d 804, show that motions for new trials were overruled because the evidence was fully sufficient to support the court's conclusion that counsel for appellants on voir dire examination did not ask questions reasonably calculated to elicit the information that such juror was related to any of the defendants within the prohibited degree. We have an entirely different situation in the present case. The juror was not qualified in the case at bar. 12 O.S. 1941, §572. The record discloses that the jury in the present case was examined on voir dire by both sides and that both sides waived challenges and the court found that neither plaintiff nor her counsel knew of the vital relationship until after the trial.

This court has consistently held that a motion for a new trial is addressed to the sound legal discretion of the trial court, and where the trial judge who presided at the trial of the case sustains such motion, every presumption will be indulged that such ruling is correct. Jarecki Mfg. Co. et al. v. Thames, 151 Okla. 234, 3 P. 2d 428; Harper et al, v. Pratt et al., 193 Okla. 86, 141 P. 2d 562; Eldred v. Pittsburg Co. Ry. Co., 93 Okla. 163, 220 P. 351; Morningside Hospital & Training School for Nurses v. Pennington, 189 Okla. 170, 114 P. 2d 943.

We have also repeatedly held that as the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal. Eldred v. Pittsburg Co. Ry. Co., supra; Jarecki Mfg. Co. v. Thames, supra. These cases, and many others, are also authority for the rule that the granting of a new trial

being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law, or that the trial court acted arbitrarily or capriciously.

When we consider the foregoing rules of law with the facts in the present case, the correctness of the order of the trial court in granting the new trial is inescapable. The undisputed evidence is to the effect that actual cost of repairs on plaintiff's car amounted to $155. Of this sum the mechanic who repaired the car testified that the material and labor bill was $118.08. This amount was in addition to the damage to a tire and tube which were destroyed. This uncontradicted testimony and the amount of the verdict is so inconsistent that the trial court evidently concluded that the plaintiff had been denied a fair trial.

There was no abuse of discretion on the part of the trial court in granting the new trial. Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN and BAYLESS, JJ., concur.