MONTGOMERY WARD & CO., Inc., v. CURTIS.

No. 32574.   Dec. 23, 1947.

*188 P. 2d 199.*

Brown Moore and Guy L. Horton, both of Stillwater, and Johnson & Jones, of Bristow, for plaintiff in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

ARNOLD, J.   This is an action for personal injuries by Ruby Curtis against Montgomery Ward & Company, a corporation.

On January 31, 1942, plaintiff was about to enter defendant's store in the city of Cushing as a customer when she slipped on ice near the east front entrance of the building and fell; the fall resulted in a broken ankle and internal injuries from which she was still suffering at the time of the trial, October 8, 1945.

This case has been twice tried, the first trial on December 30, 1942, resulting in a verdict for defendant and an order of the trial court granting a new trial from which there was an appeal to this court.   (Montgomery Ward & Co. v. Ruby Curtis, 195 Okla. 48, 166 P. 2d 248.)

The second trial of the case was had upon issues raised by an amended petition, answer and reply.   In substance, it was alleged by plaintiff that through the negligence and carelessness of defendant the awning in front of its building was permitted to be and to remain in a state of bad repair which resulted in melting snow and falling rain dripping through said awning on to the entrance way into said building where ice was formed and permitted to remain which caused a hazard to the public generally and to the plaintiff in particular in entering said place of business and that as a result of such carelessness and negligence on the part of the defendant, plaintiff sustained her injuries.

The parties will be herein referred to as plaintiff and defendant as they appeared in the trial court.

Defendant has assigned numerous errors in its petition in error, but in its brief here only three questions are presented.   No question is raised as to the sufficiency of the evidence to establish primary negligence and injury, the correctness of the court's instructions to the jury or excessiveness of the verdict.   Defendant's first contention is as to alleged error of the trial court in overruling its motion for a mistrial based upon alleged misconduct of one of the jurors upon his voir dire examination.   This proposition reads:

"The trial court erred in overruling defendant's motion for a mistrial, which was based upon the misconduct of juror Hartman, who denied on voir dire that he had ever been represented by plaintiff's counsel when as a matter of record he was represented by said counsel in litigation a few months prior to the second trial of this case."

Under this proposition it is argued that failure to disclose fully in answer to appropriate questions on voir dire examination, which results in failure to exercise a peremptory challenge afforded by statute, is reversible error without a showing of prejudice.

It appears on the examination of the juror Hartman as to his qualifications to sit as a juror on the trial of this case, he was saked if plaintiff's attorneys had ever represented him in any litigation, to which he answered that said attorneys had represented the school board of the city of Sapulpa of which he was a member in litigation several years before. No challenge for cause was made against this juror at the conclusion of his examination, though he was the last juror examined and defendant had one remaining peremptory challenge. After the trial began and before the completion of the direct examination of the first witness, a civil engineer, the court took a recess for the noon hour. About 1:30 p.m., in the judge's chambers, defendant made its motion for a mistrial alleging misconduct of the juror Hartman in failing to disclose upon his examination that plaintiff's attorneys had, about two years prior to the instant trial, represented the Victory Building Corporation and C. H. Hartman in litigation. At this hearing plaintiff's attorneys offered to let the juror Hartman be excused and try the case before the remaining eleven jurors, which offer defendant's attorneys declined. The pleadings and journal entry in the case of William A. Porter v. Victory Building Corporation and C. H. Hartman were introduced without objection which show that judgment was entered in the case against both defendants for the sum of $100.

It was stipulated that Mr. Johnson, of counsel for the defendant, asked the juror "whether the firm of Speakman & Speakman had ever represented him, and he answered the question by stating that they represented him as a member of the school board", and made no further disclosure. Mr. Johnson and Brown Moore, another attorney for the defendant, testified that if they had known that plaintiff's attorney had represented the juror Hartman in the case against the Victory Building Corporation and Hartman, they would have excused him peremptorily. After hearing the evidence offered upon the motion, the judge denied the same over the objection and exception of the defendant. Thereupon, the trial was resumed and the juror Hartman remained upon the jury, which returned a unanimous verdict.

Defendant's motion for new trial was based in part upon the alleged error of the court in refusing to declare a mistrial. Upon the hearing of that motion plaintiff introduced the affidavit of juror Hartman and the affidavit of the juror Bradford, who was the foreman of the jury, by which affidavits it is disclosed that the juror Hartman, as a member of the jury, was opposed to the amount of the verdict returned by the jury thinking it was too much, as was also the juror Bradford, and that they agreed to the unanimous verdict only after nine members of the jury had agreed upon the amount returned.

It is contended by defendant that this action of the trial judge resulted in retaining upon the jury a member who was not satisfactory to defendant, and that his right to exercise his remaining peremptory challenge was defeated by the misconduct of the juror and the ruling of the court on its motion.

The rule adopted and long adhered to in this jurisdiction in reference to alleged errors occurring in the voir

dire examination of jurors has been variously expressed, but its substance has always remained the same. This rule has been well expressed in the recent case of Indian Territory Illuminating Oil Co. v. Carter, 177 Okla. 1, 57 P. 2d 864, where, in the third paragraph of the syllabus, this language is used:

"The competency and qualifications of jurors in the trial of a case must be left largely to the discretion of the trial court. The court's rulings thereon will not be reversed unless it plainly appears that the court has abused its discretion."

There is nothing in the record to show that the juror Hartman was a stockholder in the Victory Building Corporation or that he had any direct interest in the affairs of that corporation. It is disclosed he was merely the manager and superintendent of the corporation's building in the city of Sapulpa. It is also affirmatively shown that the attorneys representing the corporation in that litigation were employed by the corporation, that their fee was paid by the corporation, and that the judgment rendered against the corporation in that action was paid by it. The fact that plaintiff's attorneys once represented the school board, of which the juror Hartman was a member, which was disclosed on his examination, was not made a basis of challenge for cause of said juror. Evidently defendant's attorneys did not at that time consider him biased in favor of the plaintiff or prejudiced against the defendant by reason of such interest in that prior litigation. He was then considered by defendant's attorneys to be a suitable and satisfactory juror as they did not exercise their remaining peremptory challenge. Defendant cites and quotes from several authorities which it says sustains its contention as to the error of the trial court in overruling its motion for a mistrial and in overruling the motion for a new trial on that ground. (Kizer v. State, 67 Okla. Cr. 16, 93 P. 2d 58; Harris v. Boggess, 124 Okla.

251, 225 P. 685; McCuistion et al. v. Christian, 197 Okla. 441, 172 P. 2d 610; Carpenter v. United States, 100 Fed. 2d 716; Gackstetter v. Market St. Ry. Co. (Cal.), 52 P. 2d 998; Sherwin v. Southern Pacific Co. (Cal.) 145 P. 92; Cleveland C. C. & St. L. Ry. Co. v. Dixon (Ind.) 96 N.E. 815. The authorities cited in and relied on by defendant are not in point. Without considering or according any significance to the affidavits of the named jurors as to what happened in the jury room in considering the case or the attitude of any of the jurors on the question of liability, and without approving the admissibility or propriety of such proof, it does not appear from all the other facts and circumstances that prejudice probably would or did result from the ruling of the court, which had the effect, under the refusal of the defendant to try the case to eleven jurors, of keeping the juror Hartman on the jury.

Defendant's second contention is thus stated in its brief:

"The trial court erred in admitting plaintiff's photographs of defendant's store front showing an experiment conducted by plaintiff because: (a) They were purely demonstrative, taken only to illustrate the claims and contentions of plaintiff; (b) the conditions that existed at the time of the injury and at the time the photographs were taken were not established to be the same."

The store of Montgomery Ward & Company in the city of Cushing faced north and was on the northeast corner of the block. Plaintiff introduced in evidence, without objection, her exhibit No. 2 which is a photograph of the front of said building. Defendant expressly waived any objection to this exhibit. This photograph shows that the front of the building is recessed from the sidewalk some seven or eight feet and this vestibule or entrance way is tiled. At each side of this vestibule are display windows and at the rear of the vestibule is another display window which extends the full width be-

tween the two entrance doors, one being on the east and the other on the west. Near the inner edge of the sidewalk, and supporting the front of the building, are two pillars which divide the space between the two corners of the building into three approximately equal entrance ways. Between the outer edge of the tile of the vestibule and the inner edge of the sidewalk is a concrete strip 16 inches wide extending across the entire front of the building. No contention is made that this photograph, exhibit No. 2, does not correctly show the structure and general conditions of the front of this building. The testimony shows that the accident complained of occurred near the east one of these two pillars. Over the objection of defendant plaintiff introduced in evidence her exhibits Nos. 3, 4 and 5, which were photographs taken at different angles and showing a closer view of the eastern portion of this building front including the east pillar where the accident is alleged to have occurred. In each of these three exhibits, and a little east and north of the east pillar, there is a discoloration on the tile and concrete. There is no testimony in the record, that we have found, which identifies the substance which caused this discoloration nor how it came to be there. Defendant's attorney, in making his objection to exhibits 3, 4 and 5, stated that this discoloration was water poured upon the floor of the vestibule and this statement was not questioned by plaintiff's attorney. Upon this apparently conceded fact defendant bases its argument of error in the admission of these three exhibits for the alleged reason that they were intended to illustrate to the jury an experiment claimed to have been made by plaintiff's attorney to demonstrate their theory as to the manner in which the accident occurred. In support of the argument thus advanced defendant relies upon the well established rule announced by this court that photographs are admissible in evidence when it is proven that they correctly show the objects surrounding the scene of the accident and that conditions are the same when the photographs were taken as when the accident occurred, but may not be used as a "stage setting" for the purpose of reenacting the accident or demonstrating a theory of how the accident occurred. This rule has been announced by this court in the following cases: Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 P. 747; Patrick v. Siliskis, 105 Okla. 51, 222 P. 543; Massey v. Ivester, 168 Okla. 464, 33 P. 2d 765. If exhibits 3, 4 and 5 come within the rule announced by this court, their admission in evidence was error. In order to determine whether defendant's contention in this regard is justified it is necessary to review some of the evidence in the case. Plaintiff's first witness, Mr. Gaash, testified to an inspection and measurements of the front of the building made by him December 6, 1942, and produced a plat thereof which he prepared after such inspection and measurements. He was then shown plaintiff's exhibit No. 2 and identified it as being a correct picture of the front of said building as it then existed. He further testified that on that occasion one of plaintiff's attorneys poured a glass of water on the tile just east and north of the east pillar and that the surface there was so level that the water did not run off. This water poured by plaintiff's attorney at that time could not be the water which it is conceded is shown in exhibits 3, 4, and 5, because the photographs were not taken until months afterwards. How the water, if it was water, shown in exhibits 3, 4 and 5 came to be on the tile and concrete at the place shown is not disclosed by the evidence. Three witnesses for plaintiff testified that on the day of the accident there was clear ice on the tile and concrete near the east pillar and one of these three witnesses testified that on that day he saw water dripping from the awning onto the place where the ice formed. Plaintiff claims that as she started to enter the east door of the Montgomery Ward & Company's store on that occasion she stepped

on clear ice which was on the tile or concrete just east and a little north of the east pillar, and that she fell with one foot doubled under her and the other pointing in the direction of the east door of the building. There is no testimony in the record that the discoloration shown in exhibits 3, 4, and 5 is at the exact spot where plaintiff claims she slipped on clear ice and fell. Except for this discoloration these exhibits of portions of the front of the building are identical with the corresponding portions of exhibit 2 to which no objection was made and must, therefore, be presumed to be correct photographic representations of that portion of the front of the building which they purport to show. We think that the following language in the body of the opinion in the case of Patrick v. Siliskis, supra, is appropriate to the situation here presented with reference to these exhibits 3, 4, and 5, when this court said:

"The defendant introduced certain photographs over the objection of the plaintiff, and, if the testimony presented a close question as to the actual facts, the admission of these photographs might give us some concern, as they were taken one year after the accident, and showed an automobile standing by the tree near the gate and a man leaning on the gate. . . ."

On this appeal there is no contention that the evidence of plaintiff is insufficient to sustain the verdict nor is it contended that the verdict of the jury is excessive, and we cannot, therefore, say, in view of the indefinite character of the testimony as to the cause and nature of the discoloration shown in these exhibits objected to by defendant, that the jury was in any way led to believe that these photographs demonstrated the correctness of an experiment made by plaintiff's attorney long prior to the time the photographs were made. There was some conflict in the evidence as to the manner in which, and the exact place where, the accident occurred, but there is no conflict in the evidence as to the

actual fact that the accident occurred and that the injuries resulted therefrom. After a careful examination of the entire record, we believe that no reversible error is shown by the admission of exhibits 3, 4, and 5 over the objection of the defendant.

Defendant's third and last contention in its brief is thus stated:

"The trial court erred in admitting plaintiff's evidence that the awning attached to defendant's store, which plaintiff alleged leaked and caused ice to accumulate, was repaired by defendant subsequent to the accident and at the time of the repairs was in a leaky condition."

It appears from the record that on August 8, 1944, two and one-half years after the accident forming the basis of plaintiff's claim, the awning in front of the Montgomery Ward store was repaired and the evidence disclosed that at that time it was in a leaky condition around the east pillar and that the flashing had come loose from the front of the building.

In support of its contention under this proposition, defendant cites several cases from this jurisdiction, among them being Atchison, T. & S. F. Ry. Co. v. Parker, 55 Fed. 595; Foreman v. Chicago, R.I. & P. Ry. Co. et al., 181 Okla. 259, 74 P. 2d 350; St. Louis & S. F. Ry. Co. v. Hart, 45 Okla. 659, 146 P. 436; Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okla. 454, 138 P. 790. These cases announce the rule that evidence of subsequent repairs made on a structure involved in a damage suit is inadmissible for the purpose of showing the existence of primary negligence at the time involved in the action.

We think plaintiff's objection to the admission of this testimony was well taken and should have been sustained, but it does not follow that a reversal of the judgment must result therefrom.

There was proof that on the date of the accident, the awning was leaking

and that ice had formed on the tile and concrete near the east pillar where the leak was observed. There is no contention by defendant in its brief that the evidence is insufficient to show the accident and the injury and the question of whether the accident was due to the negligent omission of defendant to remove the ice in the interest of public safety and for the safety of its customers was a question solely for determination of the jury. We do not believe that the objectional evidence as to the repairs made on the awning two and one-half years after the accident had any determining influence with the jury in arriving at its verdict. The fact of the repairs being made two and one-half years after the accident had no relation to the condition of the awning at the time of the accident and was too remote to be of probative value. There was ample evidence in the case to sustain the verdict of the jury as to the primary negligence alleged against the defendant, and we are of the opinion that the erroneous admission of this testimony was harmless to the defendant.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, and LUTTRELL, JJ., concur.