## Thomas Yarnell v. W. S. Kilgore.

(Filed September 6, 1905.)

**NEW TRIAL—Should be Granted, When—Evidence—Court Must Approve Verdict.** It is the duty of a trial court, where a motion for a new trial contains, as one of the grounds therefor, that the verdict is not supported by the evidence, to weigh the evidence and to either approve or disapprove the verdict, using its own reason and judgment in determining such matter; and if the verdict is such that its own mind refuses to concur in it, after due consideration, and the court honestly believes that the verdict should have been for the adverse party, it should grant a new trial.

(Syllabus by the Court.)

*Error from the District Court of Caddo County; before Frank E. Gillette, Trial Judge.*

*H. D. Crosby* and *A. J. Morris,* for plaintiff in error.

*I. H. Kerr* and *H. V. Napier,* for defendant in error.

Opinion of the court by

Burwell, J.: This action was commenced by Thomas F. Yarnell, to recover for threshing for the appellant, who, by way of cross bill, alleged that Yarnell, while threshing his grain, had, through the gross carelessness of himself and employes, permitted sparks to escape from the threshing engine and burned up his wheat, the value of which was alleged to be greatly in excess of the claim sued on. The jury found for the plaintiff, and the trial court, in passing upon the motion for a new trial (one ground of which was that the verdict was not supported by the evidence) stated, as disclosed by the record: "While it is true that if the court had been

sitting in place of the jury, the verdict probably would not have been the same as it is, (that, I am free to confess), the court cannot say that the verdict was not supported by the evidence, because there is evidence both ways and, while the evidence might present itself to the court with a different understanding of it from what the jury would get, yet that fact does not justify a reversal or setting aside of the verdict, simply because the court, from all the evidence, might have reached a different conclusion from what the jury did. If that were true, courts would have very arduous duties to perform—those of making juries find verdicts the same as they would render if they did not have a jury. A verdict should be set aside when it is not supported by any evidence.* * * If the court should see, as argued by counsel, that this verdict was unsupported by the evidence, the court would have no hesitancy in setting it aside; but as I say, the simple fact that I do not agree with the conclusions that the jury reached, and that I would not have rendered the same judgment that the jury did, I cannot say that the verdict of the jury is not supported by any evidence in the case. * * * This is case No. 8 on this docket. It has been three years coming to trial once, and I do not know when we could get a trial again.* * * The fact that the trial did not result as I thought it should have resulted, I don't think would justify me in setting aside the verdict, and the motion for a new trial will be overruled."

From this statement of the trial court it appears that it did not agree with the conclusion reached by the jury, and would have decided the case the other way; but, as there was some evidence to support the verdict, it was of the opinion that the motion for a new trial should be overruled.

The trial court misconceived its duties in the premises. One of the grounds for a new trial is that the verdict is not supported by the evidence, and it has been held that in the trial of a case, so long as a juror is not satisfied that a verdict is correct (although he may have agreed to it) it cannot be received. (*Erick v. Reynolds, et al,* 6 Okla. 648.)

The jury in the first instance are the triers of all issues of fact, but when they have passed upon the facts and expressed their views by a verdict, and the sufficiency of the evidence is challenged, then it must be weighed and considered by the trial court, and unless it is satisfied with the verdict to such an extent that its reason and judgment approve it, a new trial should be granted. The approval of a verdict does not mean that formal approval which is inferred from the act of rendering judgment on it, but it means the assent and approval of the mind, after due consideration; and when the mind of the court refuses to concur in the correctness of a verdict, and its honest convictions lead it to believe that it ought to have been for the other party, then the verdict is not supporteed by the evidence so as to merit its approval, for in passing on a motion for a new trial, it is the court and not the jury that must weigh and determine the effects of the evidence. It cannot be said that a court approves a verdict when its reason and judgment rebel against the conclusion it expresses. The rule requiring a juror to be satisfied with a verdict is no stronger than the rule which makes it the duty of the trial court to approve or disapprove a verdict, as dictated by its own conscience and judgment. It may be here suggested, however, that, as one juror may yield his opinions and accept those of the other jurors, so may the court yield his impressions or

opinions and adopt those of the jury; but such surrendering of his own views must be the result of consideration and reasoning, and can only be done where it, through such process, finally, reaches the conclusion that the verdict is right and, by reason thereof, approves it.

The trial court sees the witnesses and can observe their demeanor, and, by reason of its experience, is better able than the jurors, as a rule, to determine the weight that ought to be given to their testimony and, therefore, the law, recognizing this fact, has given it power to review and approve or reject their findings. The law here imposes a duty, the faithful and conscientious performance of which neither the press of business, nor any other embarassing conditions, will excuse. The pendency of the case for three years and the improbability of another trial in the near future should not have been considered. The theory that, where there is any evidence to support the verdict, it must be upheld, taken by the trial court, is not supported by the authorities. This court has expressly declined to follow that rule, but, on the contrary, has repeatedly held that, if the evidence does not reasonably support the verdict, it should be set aside; and this rule has been adopted because it is made the duty of trial courts to pass upon the sufficiency of the evidence, when required to do so, in a motion for a new trial.

Our procedure act is exactly the same as that of Kansas, and the supreme court of that state, has in a number of cases, passed upon the point here considered, and its decisions support the position here taken. (*Kansas Pacific Ry. Co. v. Kunkel*, 17 Kans. 145; *State of Kansas v. Bridges*, 29 Kans 138; *A. T. & S. F. R. R. Co. v. Dwelle*, [Kans.] 24 Pac, 500; *Kansas City, W. & N. N. R. R. Co. v. Ryan*, 30 Pac.

108; *C. R. I. & P. R. R. Co. v. Reardon,* [Kans.] 40 Pac. 931; *Cherokee & P. Coal & Mining Co. v. Stoop,* [Kans.] 43 Pac. 766; *Ireton v. Ireton,* [Kans.] 63 Pac. 429.)

The judgment is hereby reversed, the case remanded, and a new trial granted, at the cost of the appellee.

Gillette, J., who presided in the court below, not sitting; Irwin, J., dissenting; Pancoast, J., absent; all the other Justices concurring.