## CARROLL v. MORRIS.

No. 19356.   Opinion Filed May 6, 1930.

J. H. Harper, for plaintiff in error.

Green & Pruet, for defendant in error.

HERR, C. This is an appeal from an order granting a new trial. The action was in replevin brought by Earl C. Morris against Louise Carroll to recover a quantity of rooming-house furniture. The action was based on two conditional sale contracts executed and delivered by defendant to plaintiff. The contracts were signed and the furniture delivered to defendant April 1, 1926, and she has been in possession thereof since that time. On April 3, 1926, J. W. Welch executed a note to plaintiff for the purchase price of said furniture. The defense was that Mr. Welch purchased the furniture for defendant as a gift, and that he executed his note to plaintiff in full payment therefor; that the conditional sale contracts were not signed by defendant until several months after the furniture was delivered. Plaintiff testified that the contracts were executed on the day they bear date and prior to the delivery of the furniture, and that the note executed by Welch was taken by him as additional security.

The case was submitted to the jury on a special interrogatory, to which plaintiff objected and excepted. The jury, in answer thereto, found that the note executed by Welch was accepted by plaintiff in full payment of the furniture. Judgment was entered on the interrogatory in favor of defendant.

Plaintiff, in due time, filed a motion for a new trial which included most of the statutory grounds. This motion was, by the court, sustained. On what ground it does not appear. The case should have been submitted to the jury for a general verdict. The court may have sustained the motion on this ground. The court may also have concluded that incompetent evidence was admitted. Other reasons may have induced the ruling. These matters are largely in the discretion of the trial court.

There was no error in sustaining the motion, and the judgment should be affirmed.

BENNETT, EAGLETON, HALL and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 4 C. J. §2813, p. 830, n. 45. "New Trial," 46 C. J. §465, p. 406, n. 16.