## OKLAHOMA CITY et al. v. LEGGS.

No. 25753.   Nov. 5, 1935.

Rehearing Denied Dec. 10, 1935.

W. R. Bleakmore, John, Barry, W. L. Farmer, Robert E. Lee, and Harlan Deupree, City Atty., and P. E. Gumm, Asst. City Atty., for plaintiffs in error.

J. Q. A. Harrod and Laynie W. Harrod, for defendant in error.

PER CURIAM. This action was originally commenced in the district court of Oklahoma county by Della Leggs against the city of Oklahoma City, Okla., a municipal corporation, and Chicago, Rock Island & Pacific Railway Company, a corporation, to recover damages alleged to have been caused by and through the negligence of the defendants in maintaining a viaduct on one of the streets of Oklahoma City over the tracks of the defendant railway company. The plaintiff alleged that said viaduct was in a defective condition because flimsily constructed; cheap and faulty material, and wear and tear of the elements; that it had become out of repair, and that while the plaintiff was proceeding along said viaduct her foot was accidentally caught in a hole or opening in the wooden sidewalk thereon and she was thrown to the ground, sustaining serious and vital injuries. The trial was to the jury resulting in a verdict in favor of the defendants. Hereafter the defendant in error will be referred to as plaintiff, and the plaintiffs in error as defendants, this being their position in the trial court.

On motion of plaintiff the trial court set aside the verdict and granted a new trial. The record at the time of the argument of the motion for new trial shows the following proceedings:

"Thereafter on the 3rd day of February, 1934, the plaintiff's motion for a new trial came regularly on for hearing and the same was duly argued and presented to the court, the court finding as shown by the record, 'It is therefore by the court, adjudged, and decreed that the motion of plaintiff for a new trial be and the same is hereby sustained.' The Court: Under all of the evidence in this case the court was surprised at the verdict of the jury and does not believe it returned the proper verdict under the evidence and the motion for new trial will therefore be granted. Mr. Gumm: We desire to ask this question: That is, whether or not the court is holding that he believed there was no evidence of contributory negligence? * * * The Court: I do think under the circumstances the court ought to have given somewhat different instructions on contributory negligence than what it did. The stock instructions were not very applicable to this lawsuit, but on the whole, including all of the rest, the jury decided entirely wrong. Mr. Barry: May I make this observation? If Your Honor feels that any one of the instructions you give was error, I would like to have you rule on that instruction and if Your Honor feels there was no evidence of contributory negligence—under our practice, if it is a question of law this turns on we ought to know it or a question of fact, we ought to know it. The Court: I think both under the law and the facts they are entitled to a new trial and thought so at the time and came near at the time they returned the verdict of setting it aside. That is all I will say. Mr. Gumm: We except to the granting of the motion for a new trial. The defendant, city of Oklahoma City, gives notice of intention to appeal to the Supreme Court of the state and asks that the clerk be required to note the same upon the trial docket and requests additional time in which to make and serve case-made. The Court: Exceptions allowed. Notice of appeal given in open court. Time fixed at 60-3 & 3 days. Mr. Barry: The Chicago, Rock Island & Pacific Railway Company first requests the court to specify the particular ground set forth in the motion for a new trial was sustained. As I understand your remarks, you sustained it generally? The Court: I do because I don't think the verdict was in har-

mony with the testimony of the lawsuit. Therefore, it will not be necessary for me to pass upon the question of contributory negligence."

The plaintiffs in error complain that the court did not state into the record the reason for the granting of the motion for new trial. With this contention we cannot agree. We are familiar with the rule announced in Hall v. Polson, 130 Okla. 136, 265 P. 1068, and followed in Magnolia Petroleum Co. v. McDonald, 168 Okla. 255, 32 P. (2d) 909, 'wherein this court held that the trial court should, when requested, state into the record the reasons for granting the application for new trial. We are of the opinion that those cases are not applicable here.

The defendants next urge that under section 6, art. 23, of the Constitution, the trial court is without power to grant a new trial in an action brought to recover because of alleged negligence where the defense is pleaded and there is evidence of contributory negligence regardless of whether or not the trial court feels that the verdict is in harmony with the evidence. They further state that this is a logical conclusion from the cases, which hold, following such constitutional provision, that contributory negligence is always a question for a jury. The same proposition was urged in Yellow Taxicab Co. v. McNamara, 173 Okla. 572, 49 P. (2d) 563, and we pointed out there that to so hold would deprive the court of its power to regulate and conduct the trial whenever the question involved was submitted upon the theory of contributory negligence. No case is cited to that effect and we have been unable to find one which so holds. No reason is shown why the trial court should be so deprived of its right to conduct the trial and to require a fair and impartial trial to all parties.

In the early case of Yarnell v. Kilgore, 15 Okla. 591, 82 P. 990, the following rule is announced:

"It is the duty of the trial court, where a motion for a new trial contains as one of the grounds therefor that the verdict is not supported by the evidence, to weigh the evidence, and to either approve or disapprove the verdict, using its own reason and judgment in determining such matter; and if the verdict is such that its own mind refuses to concur in it after due consideration, and the court honestly believes that the verdict should have been for the adverse party, it should grant a new trial."

This has been followed in many cases, among which are Chicago, R. I. & P. Ry. Co.

v. Warren, 63 Okla. 190, 163 P. 705, and the later case of Federal Surety Co. v. Little, 156 Okla. 75, 9 P. (2d) 447.

In the case of Metropolitan Life Ins. Co. v. Plunkett, 109 Okla. 148, 234 P. 722, it was said:

"Every presumption is in favor of the regularity of the trial court's action. He sits as the thirteenth juror, and if he is not satisfied with the fairness and justice of the result, it is his duty to order a retrial. No reason is given for the action of the trial court and the presumption of correctness therefore applies with especial vigor and force."

In the case of DeMeglio v. Studebaker Corporation of America, 73 Okla. 177, 175 P. 342, it is said:

"It is the duty of the trial court, upon a motion for a new trial which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial."

Under the above decisions it was not only within the discretion of the trial court, but its duty, if it was surprised at the verdict and thought that a fair conclusion had not been arrived at by the jury, to set the same aside and grant a new trial. We have examined the record, and cannot say that his discretion was abused.

The order of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.