## OKLAHOMA CITY v. TARKINGTON.

No. 26448. Dec. 15, 1936.

Harlan Deupree, Municipal Counselor, and P. E. Gumm, Asst. Municipal Counselor, for plaintiff in error.

McPherren & Maurer and Fred L. Sikes, for defendant in error.

PER CURIAM. The plaintiff, Edith Tarkington, brought this suit to recover from the city of Oklahoma City, the defendant, damages for the death of plaintiff's husband.

The plaintiff charged in her amended petition that the city constructed and maintained a dam across the North Canadian river to empound waters; that the plaintiff and her husband resided near the river below said dam; that on account of heavy rainfall the channel of the river was filled to capacity by the storm waters, and during the time that the river was running to full capacity, the defendant opened flood gates releasing large quantities of additional waters from said lake formed by the dam, which so augmented the swollen river below the dam as to overflow and cause the home of the plaintiff and her deceased husband to be submerged and caused the death of plaintiff's husband by drowning.

The negligence charged was the releasing by the defendant of such large quantities of waters which, added to the already full capacity of the river, caused the overflow.

The defendant filed its answer in which it alleged a general denial, and also the affirmative defense that the death of plaintiff's husband was caused by an unusual and unprecedented flood, which was an act of God for which the defendant was not responsible.

The case was submitted to a jury upon instructions by the court. The jury returned a verdict for the defendant.

The plaintiff filed a motion for a new trial, and among other errors alleged that the trial court failed to give instructions submitted by the plaintiff, No. 1 of which is as follows:

"1. One of the defenses interposed by the city in this case is that the death of the decedent, Tom Tarkington, was occasioned by and occurred as a result of an act of God, and you are instructed that by the term 'Act of God,' as applied to a rainstorm, it is meant that same was such as could not be anticipated and guarded against or resisted, and that for a loss or injury occurring as the result of an act of God the city is not held liable, provided the negligence of the employees of the city did not contribute to the loss or injury sustained. You are therefore instructed that if you believe the plaintiff has established by a fair preponderance of the evidence that the defendant city was guilty of negligence under the evidence in opening gates to its dam the morning of June 3. 1932, and letting out more water from its reservoir than was flowing into it at that time, then the burden of proof is upon the defendant city to show by a fair preponderance of the evidence that the said storm and rainfall was of sufficient violence to cause the death of the said decedent even though the defendant had not been guilty of the said negligence, that it, the city must prove that the said storm and rainfall was of such nature and extent as to have caused the drowning of the decedent even though the city had not been guilty of the said negligent act of opening the said gates and releasing the said water."

In other instructions the trial court instructed the jury that the burden of proof was upon the plaintiff to establish the allegations of her petition by a preponderance of the evidence, but failed to instruct the jury as to the burden of proof upon the affirmative defense of the act of God presented by the defendant.

The trial court granted a new trial. Upon the request of counsel for defendant, the trial judge stated that he granted the motion for new trial because in his opinion the refusal to give plaintiff's instruction No. 1 was error.

The defendant presents this appeal upon two propositions: (1) That the requested instruction does not correctly state the law, consequently it would have been error for the trial court to have given it; (2) that the instructions given fully covered the issues.

The defense of unprecedented flood or act of God presented by the defendant is an affirmative defense which it must plead and prove.

After the plaintiff had made out a prima facie case of negligence, the burden was then upon the defendant to prove the unprecedented flood. St. Louis & S. F. Ry. Co. v. Dreyfus, 42 Okla. 401, 141 P. 773; Parish v. Parish (Ga.) 94 S. E. 315; Haney v. City of Kansas (Mo.) 7 S. W. 415; Reichert v. Northern Pac. Ry. Co. (N. D.) 167 N. W. 127; Jones v. Seaboard Airline Co. (S. C.) 45 S. E. 188.

It is well settled that if the vis major is so unusual and overwhelming as to do the damage by its own power without reference to and independently of any negligence by defendant, there is no liability. On the contrary, if the negligence of the defendant concurs with the other cause of the injury in point of time and place, or otherwise, and so directly contributes to the plaintiff's damage that it is reasonably certain that the other cause alone would not have sufficed to produce it, the defendant is liable notwithstanding he may not have anticipated or been bound to anticipate the interference of the superior force which, concurring with his own negligence, produced the damage. But if the superior force would have produced the same damage whether the defendant had been negligent or not, his negligence is not deemed the cause of the injury.

In the case of Chicago, R. I. & P. Ry. Co. v. McKone, 36 Okla. 41, 127 P. 488, this court held:

"A defendant is not liable for damage resulting solely from an act of God; but if the defendant's negligence is a present contributing proximate cause, which, commingled with the act of God, produces the injury, then defendant is liable notwithstanding the act of God."

Upon the defendant rests the burden of proving that the unprecedented flood would have produced the same result notwithstanding the release of the additional waters, and the jury should have been instructed that such burden rested upon the defendant.

The defendant contends that even though it was the duty of the trial court to give an instruction upon the burden of proof, instruction No. 1 offered by the plaintiff is not a correct statement of the law and could not have been given; that the plaintiff in her motion for new trial failed to specifically set forth as a ground for a new trial error of law, or that the court failed to give an instruction upon the burden of proof, consequently, the trial court should not have granted a new trial.

The contention is extremely technical. The trial court, when the motion for new trial was presented, evidently was impressed by the feeling that the plaintiff's cause may have suffered at the hands of the jury, and that plaintiff should have had the benefit of an instruction on the burden of proof suggested in said refused instruction. The trial court had erred, and he should attempt to do justice and grant a new trial rather than to say to the plaintiff, "You may have been grievously harmed by my mistake, but I can do nothing for you because you have not by letter perfect proceeding raised the precise question."

This court is not approving said instruction as offered. The trial court failed to give an instruction which should have been given. The refused instruction did suggest that the burden to prove the unprecedented flood was on the defendant. It was the duty of the trial court to have given the proper instruction.

This court has repeatedly held that a motion for new trial is addressed to the sound legal discretion of the trial court.

In the recent case of Oklahoma City v. Caple, 178 Okla. 296, 62 P. (2d) 1025, this court held:

"A motion for new trial is addressed to the sound legal discretion of the trial court, and where the trial judge who presided at the trial of the case sustained such motion, every presumption will be indulged that such ruling is correct. Metropolitan Life Ins. Co. v. Plunkett, 109 Okla. 148, 234 P. 722.

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some pure unmixed question of law, and that the order granting a new trial is based wholly upon such erroneous view of the law. St. L. & S. F. Ry. Co. v. Wooten, 37 Okla. 444, 132 P. 479."

In that case, as in the case at bar, the court in making the order sustaining a motion for new trial stated:

"The court feels it committed error in not instructing the jury that the city was obligated to, under its arrangement with the United States government, and/or did supervise the construction of the ditch where the plaintiff was injured."

In the opinion the learned justice stated that the conclusion of the court in that respect was error, but that other grounds within the discretion of the trial court were sufficient to sustain the order granting a new trial.

In the case at bar the trial court in granting a new trial did so to right an error. Had the error not existed and the trial court granted a new trial, then it might have been an error of a pure unmixed question of law, but in our opinion the granting of a new trial in this case was not an error of a pure unmixed question of law as defined by this court.

The case is affirmed.

The Supreme Court acknowledges the aid of Attorneys Carl Kruse, P. C. Simons, and

J. Dawson Houk in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Carl Kruse and approved by Mr. P. C. Simons and Mr. J. Dawson Houk, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.