## BAILEY v. SISSON.

### No. 26900.   June 8, 1937.

Hudson & Hudson, for plaintiff in error.

John G. Ellinghausen, H. E. Rorschach, and B. A. Hamilton, for defendant in error.

GIBSON, J. This is an appeal from an order of the district court of Tulsa county sustaining plaintiff's motion for new trial in a personal injury action. The parties are here referred to as they appeared at the trial.

While the formal order sustaining said motion assigns no particular reason therefor, the court in ruling upon the motion ordered as follows:

"Let the record show in this case that the court sustains the motion for a new trial on the sole and only ground that he does not agree with the verdict of the jury."

Defendant says that the foregoing ruling constituted an abuse of discretion.

A motion for new trial invokes the sound legal discretion of the trial court, and its order sustaining such motion will not be disturbed on appeal unless it is made to appear that the court in so doing clearly abused its discretion. Carroll v. Morris, 143 Okla. 114, 287 P. 1039; Jarecki Mfg. Co. v. Thames, 151 Okla. 234, 3 P. (2d) 428.

Where the trial court gives specific reasons for sustaining a motion of this character, the review on appeal will be limited to the reasons or grounds so assigned.

Here the trial judge has disagreed with the conclusion of the jury upon the facts as disclosed by the evidence. He has in effect said that had he occupied the position of the jury, the verdict would have been for the unsuccessful party. That is tantamount to holding that the verdict was against the weight of the evidence. This is in agreement with the position taken by the parties on this appeal, and the review will be limited to that question.

Defendant says that the question of the sufficiency of the evidence was not before the trial court on motion for a new trial for the reason that neither demurrer to defendant's evidence nor motion for directed verdict was interposed by plaintiff. It is true that in the absence of such demurrer or motion the question of the sufficiency of the evidence is not presented by motion for new trial. Norman v. Lambert, 64 Okla. 238, 167 P. 213; Worrell v. Allen, 93 Okla. 3, 219 P. 367.

The rule there stated, however, applies only where appeal is from the order overruling motion for new trial. While the trial court is not required to review the verdict and its own judgment from the standpoint of the evidence in the absence of the aforesaid demurrer or motion, the court is invested with inherent power to refuse the verdict when the trial judge on the ground of insufficiency of the evidence disagrees therewith. Anderson v. State, 171 Okla. 587, 43 P. (2d) 474. In that case we held:

"It is not error to grant a new trial on the court's own volition when the evidence does not support the verdict."

The Territorial Supreme Court in Yarnell v. Kilgore, 15 Okla. 591, 82 P. 990, expressed the rule governing cases of this character which has been followed by this court without material deviation up to the present time. There it was held as follows:

"It is the duty of a trial court, where a motion for a new trial contains as one of the grounds therefor that the verdict is

not supported by the evidence, to weigh the evidence and to either approve or disapprove the verdict, using its own reason and judgment in determining such matter; and if the verdict is such that its own mind refuses to concur in it after due consideration, and the court honestly believes that the verdict should have 'been for the adverse party, it should grant a new trial."

In discussing the matter the court in that case said:

"The approval of a verdict does not mean merely that formal approval which is inferred from the act of rendering judgment on it, but it means the assent and approval of the mind, after due consideration; and when the mind of the court refuses to concur in the correctness of a verdict, and its honest convictions lead it to believe that it ought to have been for the other party, then the verdict is not supported by the evidence so as to merit its approval, for in passing on a motion for a new trial, it is the court, not the jury, that must weigh and determine the effects of the evidence. It cannot be said that a court approves a verdict when its reason and judgment rebel against the conclusion it expresses. The rule requiring a juror to be satisfied with a verdict is no stronger than the rule which makes it the duty of the trial court to approve or disapprove a verdict, as dictated by·its own conscience and judgment. * * *"

The decisions of this court wherein the foregoing rule is followed are too numerous to permit citation here. It is sufficient to refer to the earlier and the most recent cases.

In White v. Dougal, 60 Okla. 200, 159 P. 907, we held as follows:

"It is the duty of the trial court, upon a motion for a new trial, which challenges the verdict, upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial.

"In passing on a motion for a new trial, it is the court, and not the jury, that must weigh and determine for itself the effect of the evidence. It cannot be said that a court approves a verdict when its reason and judgment rebel against the conclusions it expresses.

"Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand.

See, also, Hogan v. Bailey, 27 Okla. 15, 110 P. 890.

In the recent case of Oklahoma City v. Leggs, 175 Oka. 209, 51 P. (2d) 942, the rule was expressed as follows:

"It is the duty of the trial court, upon a motion for a new trial which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial."

See C.,·R. I. & P. Ry. Co. v. Wainscott, 103 Okla. 187, 229 P. 808; Rawleigh Co. v. Cate, 170 Okla. 38, 38 P. (2d) 940.

The power of the court to so weigh the evidence and grant a new trial is not dependent upon proper challenge by the motion for new trial; that power is inherent in the court. Anderson v. State, above.

In Ten Cate v. Sharp, 8 Okla. 300, 57 P. 645, the territorial court held as follows:

"This court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made. The Supreme Court will very seldom and very reluctantly reverse· the decision or order of the trial court which grants a new trial."

Following the foregoing rule in Oklahoma City v. Tarkington, 178 Okla. 430, 63 P. (2d) 689, we held:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some pure unmixed question of law, and that the order granting a new trial is based wholly upon such erroneous view of the law."

Here there was evidence to support a verdict for either party. The trial court has weighed that evidence and said that the weight thereof favored plaintiff, the_ unsuccessful party. Where there is competent evidence to support a verdict for the unsuccessful party, it cannot be said that the

trial court committed an error of law in sustaining motion for new trial on that ground. In such case, according to the foregoing decisions, this court will not reverse the order, but will indulge every presumption favoring the propriety thereof.

The most recent expression of this court on that question is found in Oklahoma City v. Tarkington, supra, where we held as follows:

"A motion for a new trial is addressed to the sound legal discretion of the trial court, and, where the trial judge who presided at the trial of the case sustained such motion, every presumption will be indulged that such ruling is correct."

We find no error of law in the instant case. In the absence thereof we are to indulge every presumption that the court's ruling on the motion was correct, and must affirm the judgment.

The judgment is, therefore, affirmed.

OSBORN, C. J., and BUSBY, WELCH, and HURST, JJ., concur. PHELPS and CORN, JJ., dissent. RILEY, J., and BAYLESS, V. C. J., absent.