## NICHOLS TRANSFER & STORAGE CO. v. LUMPKIN.

No. 26491. June 22, 1937.

H. L. Smith, for plaintiff in error.

A. F. Moss and H. R. Young, for defendant in error.

GIBSON, J. This is a personal injury action from the district court of Tulsa county growing out of an alleged automobile collision. Verdict was for defendant, and plaintiff's motion for new trial was sustained, and defendant has appealed. The parties are referred to as they appeared at the trial.

The error assigned is as follows:

"The lower court erred and manifestly abused the sound judicial discretion vested in trial courts when it sustained the plaintiff's motion for a new trial and set aside the unanimous verdict which the jury had returned in favor of the defendant."

The principal issue at the trial was the negligence of defendant, which included the question of the defendant's ownership of the truck which is alleged to have caused the collision.

The court in its order sustaining motion for new trial assigned the following reasons for sustaining said motion:

"I feel like this boy on that issue has not had a fair trial. In other words, I feel like everybody else—everybody who heard the testimony—that the weight of the evidence was in favor of this truck being the Nichols Transfer & Storage Company's truck, and for that reason I do not agree with the verdict, and as that is, in my judgment, the only just thing to do, I am going to sustain the motion for a new trial."

The trial court in its order stated further, in effect, that the plaintiff had established the negligence of the driver of the truck without material contravention, and that the ownership of the aforesaid truck was the only fact left in doubt by the evidence.

The reasons so assigned by the trial court for sustaining the motion amount merely to a holding that the weight of the evidence favored the unsuccessful party, and that in the light of that evidence the verdict indicated an unfair trial.

Where the trial court indicates its reasons for granting a new trial (and such is its duty upon timely request, Keystone Pipe & Supply Co. v. Crabtree, 169 Okla. 20, 35 P.

(2d) 875), the review on appeal will be limited to the reasons or grounds so assigned.

A motion for new trial invokes the sound legal discretion of the trial court, and its order sustaining such motion will not be disturbed on appeal unless it is made to appear that the court in so doing clearly abused its discretion. Carroll v. Morris, 143 Okla. 114, 287 P. 1039; Jarecki Mfg. Co. v. Thames, 151 Okla. 234, 3 P. (2d) 428.

One of the earlier decisions in this jurisdiction to express the rule governing cases of this character was Yarnell v. Kilgore, 15 Okla. 591, 82 P. 990. That decision has been followed by this court without material deviation up to the present time. There the Territorial Supreme Court expressed the rule as follows:

"It is the duty of a trial court, where a motion for a new trial contains as one of the grounds therefor that the verdict is not supported by the evidence, to weigh the evidence and to either approve or disapprove the verdict, using its own reason and judgment in determining such matter; and if the verdict is such that its own mind refuses to concur in it after due consideration, and the court honestly believes that the verdict should have been for the adverse party, it should grant a new trial."

In discussing the matter the court in that case had the following to say:

"The approval of a verdict does not mean merely that formal approval which is inferred from the act of rendering judgment on it, but it means the assent and approval of the mind after due consideration; and when the mind of the court refuses to concur in the correctness of a verdict, and its honest convictions lead it to believe that it ought to have been for the other party, then the verdict is not supported by the evidence so as to merit its approval, for, in passing on a motion for a new trial, it is the court and not the jury that must weigh and determine the effect of the evidence. It cannot be said that a court approves a verdict when its reason and judgment rebel against the conclusion it expresses. The rule requiring a juror to be satisfied with a verdict is no stronger than the rule which makes it the duty of the trial court to approve or disapprove a verdict, as dictated by its own conscience and judgment. * * *"

The decisions of this court wherein the foregoing rule is followed are too numerous to permit citation here. It is sufficient to refer to the earlier and the most recent cases.

In White v. Dougal, 60 Okla. 200, 159 P. 907, we held as follows:

"It is the duty of the trial court, upon a motion for a new trial, which challenges the verdict, upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial.

"In passing on a motion for a new trial, it is the court, and not the jury, that must weigh and determine for itself the effect of the evidence. It cannot be said that a court approves a verdict when its reason and judgment rebel against the conclusions it expresses.

"Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand."

(See, also, Hogan v. Bailey, 27 Okla. 15, 110 P. 890.)

In the recent case of Oklahoma City v. Leggs, 175 Okla. 209, 51 P. (2d) 942, the rule was expressed as follows:

"It is the duty of the trial court, upon a motion for a new trial which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial."

(See Chicago, R. I. & P. Ry. Co. v. Wainscott, 103 Okla. 187, 229 P. 808; Rawleigh Co. v. Cate, 170 Okla. 38, 38 P. (2d) 940.)

In Ten Cate v. Sharp, 8 Okla. 300, 57 P. 645, the territorial court held as follows:

"This court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial."

Following the foregoing rule, in Oklahoma City v. Tarkington, 178 Okla. 430, 63 P. (2d) 689, we held:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some pure unmixed question of law, and that the order granting a new trial is based wholly upon such erroneous view of the law."

Here there was evidence to support a verdict for either party. The trial court has weighed that evidence and said that the weight thereof favored plaintiff, the unsuccessful party. Where there is competent evidence to support a verdict for the unsuccessful party, it cannot be said that the trial court committed an error of law in sustaining motion for new trial on that ground. In such case, according to the foregoing decisions, this court will not reverse the order, but will indulge every presumption favoring the propriety thereof.

The most recent expression of this court on that question is found in Oklahoma City v. Tarkington, supra, where we held as follows:

"A motion for a new trial is addressed to the sound legal discretion of the trial court, and, where the trial judge who presided at the trial of the case sustained such motion, every presumption will be indulged that such ruling is correct."

We find no error of law in the instant case. In the absence thereof, we are to indulge every presumption that the court's ruling on the motion was correct, and must affirm the judgment.

The judgment is therefore affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur. PHELPS, J., dissents. RILEY and BUSBY, JJ., absent.