### MOORE et al. v. TAYLOR.

No. 27354.   June 29, 1937.

Rehearing Denied Sept. 21, 1937.

496

Ames, Cochran, Monnet, Hayes & Ames, for plaintiffs in error.

S. J. Montgomery, Leo J. Williams, and M. J. Parmenter, for defendant in error.

GIBSON, J. This is an appeal from the district court of Oklahoma county sustaining plaintiff's motion for new trial in a personal injury action. The parties are here referred to as they appeared in the trial court.

The trial court sustained plaintiff's motion for new trial, assigning therefor the following reasons:

"That the court recalls that the parties agreed to try the case to the court without a jury, but that the court refused, that the court disagrees with the verdict which the jury rendered, and in the event that the case had been tried to the court without a jury, the court would have rendered a verdict for the plaintiff."

Defendants contend that such action of the court in sustaining said motion for new trial was arbitrary and constituted an abuse of discretion on the part of the trial court.

A motion for new trial invokes the sound legal discretion of the trial court, and its order sustaining such motion will not be disturbed on appeal unless it is made to appear that the court in so doing clearly abused its discretion. Carroll v. Morris, 143 Okla. 114, 287 P. 1039; Jarecki Mfg. Co. v. Thames, 151 Okla. 234, 3 P. (2d) 428.

The Territorial Supreme Court in Yarnell v. Kilgore, 15 Okla. 591, 82 P. 990, laid down the rule governing cases of this character, which has been followed by this court without material deviation up to the present time. Therein it was held:

"It is the duty of a trial court, where a motion for a new trial contains as one of the grounds therefor that the verdict is not supported by the evidence, to weigh the evidence and to either approve or disapprove the verdict, using its own reason and judgment in determining such matter; and if the verdict is such that its own mind refuses to concur in it after due consideration, and the court honestly believes that the verdict should have been for the adverse party, it should grant a new trial."

The decisions of this court cited following the foregoing rule are too numerous to cite here.

An examination of the record discloses that there was evidence sufficient to support a verdict for either party. The trial court has weighed that evidence and has concluded that the weight thereof favored plaintiff, the unsuccessful party. Where there is competent evidence to support a verdict for the unsuccessful party, it cannot be said that the trial court committed an error of law in sustaining motion for new trial or has acted arbitrarily or capriciously. In such case this court will not reverse the order, but will indulge every presumption in its favor. Oklahoma City v. Tarkington, 178 Okla. 430, 63 P. (2d) 689.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and CORN, JJ., concur.