**KURN et al. v. THOMPSON, Adm'r.**

No. 27972. May 10, 1938.

Rehearing Denied June 21, 1938.

J. W. Jamison and Cruce, Satterfield & Grigsby, for plaintiffs in error.

Richard L. Wheatley and Carey Caldwell, for defendant in error.

HURST, J. This is an action to recover damages for fatal personal injuries. Verdict was rendered for the defendant. Plaintiff's motion for new trial was sustained, and defendants appeal.

■ Defendants' first contention is that the trial court granted the new trial because of instruction No. 10, which plaintiff claimed was erroneous in view of the evidence adduced during the trial. This ground was included together with numerous others in plaintiff's motion for new trial. Defendants' contention is predicated on the following statement of the trial court made during the presentation of defendants' motion to vacate the order granting a new trial:

"This new trial is predicated on instruction No. 10, if the exception wasn't properly saved—well, court will recess until one-forty-five this afternoon."

When the hearing was resumed in the afternoon, and after the introduction of further evidence, the court overruled defendants' motion to vacate the order granting a new trial. Counsel for defendants then asked the court if his ruling on the motion for new trial was due to the error in giving instruction No. 10. The court replied:

"Just a minute! I made the statement— I don't think I made it for the purpose of the record—but I said that this was one of the important matters to be considered, not whether or not the motion for new trial is to be granted on account of that. My motion granting new trial was a general

finding. There were other matters that were raised in the motion for a new trial, some of them might have been well taken, and some of them not so considered, but considering instruction No. 10 and all of the matters and things raised in the motion for new trial—the plaintiff's motion for a new trial—the court granted the same."

In view of the foregoing, defendants' contention that the motion for new trial was granted solely on the basis of instruction No. 10 is contrary to the record.

■ Plaintiff's motion for new trial, while raising many unmixed questions of law, also was based on the ground that the verdict of the jury was contrary to the evidence. Under the view we take of the case it is unnecessary to determine whether the questions of law raised were sufficient to justify the granting of a new trial. Suffice it to say, the evidence in this case was conflicting and when the motion for new trial challenged the verdict on the ground that it was contrary to the evidence, it became the duty of the trial court to weigh the evidence and to approve or disapprove the verdict, and if the verdict was such that, in the opinion of the trial court, it should not be permitted to stand, and it was such that he could not conscientiously approve it, and he believed it should have been for the opposite party, it was his duty to set it aside and grant a new trial. Alexander v. Alexander (1937) 179 Okla. 614, 67 P.2d 33; Bailey v. Sisson (1937) 180 Okla. 212, 69 P.2d 65; Nichols Transfer & Storage Co. v. Lumpkin (1937) 180 Okla. 350, 69 P.2d 640; Shreve v. Cornell (1938) 182 Okla. 193, 77 P.2d 1. Where the trial judge sustains the motion for new trial, every presumption will be indulged that such ruling is correct. Bailey v. Sisson, supra; Nichols Transfer & Storage Co. v. Lumpkin, supra.

Thus, in the instant case, when the trial court sustained the motion for new trial, this court will not substitute its discretion for that of the trial court where one of the issues raised in the motion for new trial was that the verdict was contrary to the evidence, and where, as here, the evidence was conflicting and was such that the jury could have rendered a verdict for either party. Nichols Transfer & Storage Co. v. Lumpkin, supra.

Defendants rely on the cases of Shreve v. Cornell, supra, Kurn v. Cochran (1937) 181 Okla. 205, 73 P.2d 433, and Russell v. Margo (1937) 180 Okla. 24, 67 P.2d 22. At the time defendants' brief was prepared, Shreve v. Cornell, supra, appeared in 83

O. A. C. R. 123, but was subsequently withdrawn and the present opinion substituted there<sup>f</sup>or. The present decision in that case, therefore, does not sustain defendants' contention. Kurn v. Cochran does not avail defendants here, because in that case there was no evidence upon which the jury could have rendered a verdict for plaintiff. Likewise, we stated in Russell v. Margo that there was "not sufficient evidence in the case to have justified a verdict in favor of the plaintiff if the jury had rendered it."

The judgment of the trial court granting a new trial is therefore affirmed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.