## MOSES v. MILLER.

No. 31830.   Oct. 23, 1945.

Rehearing Denied Jan. 8, 1946.

*164 P. 2d 879.*

H. L. Smith, of Tulsa, for plaintiff in error.

James S. Watson, G. C. Spillers, and G. C. Spillers, Jr., all of Tulsa, for defendant in error.

RILEY, J.  This is an appeal from an order of the trial court vacating the verdict of a jury and granting a new trial. The verdict was in favor of Edith Moses, plaintiff, and against defendant, George H. Miller, a surgeon of Tulsa. The amount of the verdict was $5,000 actual and $2,500 exemplary damages.

The action was for fraud and deceit and based upon allegations that in 1938, as a result of diagnosis, plaintiff employed defendant to remove, by surgery, her gall bladder, and that after an operation, defendant falsely advised plaintiff that her gall bladder had been completely removed; that as a result of such false advices, plaintiff endured pain and suffering until November, 1941, when by an additional operation, the offending gall bladder was removed.

The defendant denied generally and pleaded affirmatively his removal of plaintiff's gall bladder, by surgery administered in 1938.

The evidence tended to show some character of surgery by defendant upon plaintiff's gall bladder but that it was not completely removed as defendant advised plaintiff; that plaintiff suffered pain and distress from 1938 until 1941, when the additional operation was performed.  However, according to evidence advanced by plaintiff, pain and suffering endured by her were attributed to an obstruction of unknown duration in a common duct apart from her gall bladder.

Whether there is any evidence to support the verdict rendered, we do not decide.  However, the trial court recited in the order granting new trial, as the basis therefor, that the verdict was without support in the evidence and was contrary to it.

It is the affirmative duty of the trial court, when a verdict is challenged for lack of support by evidence, to weigh the evidence and to approve or disapprove the verdict.  The reasoning and judgment of the trial court determine the matter. Yarnell v. Kilgore, 15 Okla. 591, 82 P. 990, quoted with approval in Nichols Transfer & Storage Co. v. Lumpkin, 180 Okla. 350, 69 P. 2d 640. The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court erred in its view on some pure, unmixed question of law, or has acted arbitrarily or capriciously. Idem. The approval of a verdict is no mere formality, but contemplates assent of mind after due consideration. Yarnell v. Kilgore, supra.

While the issue as to whether the evidence supports a verdict may be said to be resolved into a question of law, it is by no means separate and

apart from the duty devolved upon a trial court and resting within its discretion to approve or reject a verdict.

The plaintiff herein did not rely upon the cost of the subsequent surgery to establish actual damages. In fact, the proof showed that then she was a charity patient. Nor did plaintiff plead damages by reason of loss of earning capacity for the period of time between operations. Plaintiff based her damages solely upon pain and suffering and while it seems reasonable that actual damages for pain and suffering might be inferred from the evidence as a whole, the trial court may have concluded that by the affirmative evidence advanced by plaintiff attributing her damage to an obstruction in the common duct, apart from her offending gall bladder, the evidence failed to support the verdict.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.