TULSA CITY LINES, Inc., et al.
v. HOWELL.

No. 33679.   Jan. 31, 1950.

*214 P. 2d 255.*

Truman B. Rucker and William N. Randolph, both of Tulsa, for plaintiffs in error.

Paul O. Simms, of Vinita, and Leslie Webb, of Tulsa, for defendant in error.

JOHNSON, J. Plaintiff sought damages for personal injuries. The verdict of the jury signed by only nine of the twelve jurors was rendered for defendants. The plaintiff's motion for a new trial was sustained, and defendants appeal.

The parties herein will be referred to as they appeared in the trial court.

The motion filed by plaintiff asking for a new trial set up the following grounds: (1) that the verdict is not sustained by sufficient evidence; (2) that the verdict is contrary to the court's instructions; (3) error of law occurring at the trial and excepted to by plaintiff; (4) error of the court in refusing to give certain instructions of the plaintiff to the jury; (5) misconduct of the defendant in the trial of said case; (6) irregularity in the proceedings of the court and the court's abuse of discretion by which plaintiff was prevented from having a fair trial; (7) that the verdict of the jury is wholly contrary to the evidence and the instructions of the court, and is unconscionable and opposed to right and justice. The order of the trial court sustaining this motion assigned no reason for granting a new trial, nor did any of the parties to the action request that the record disclose the reasons therefor.

The defendants present their appeal upon one assignment of error, to wit: "The granting of the new trial by the

trial judge constituted an abuse of judicial discretion."

It is, in effect, urged by the defendants, and undisputed by plaintiff, that if the action of the trial court is sustainable at all, it is under grounds one and seven attacking the sufficiency of the evidence and the justice of the jury verdict.

The defendants, after quoting excerpts of the testimony in their brief, make this statement:

"We concede the case-made, available to the Honorable Court as a part of the record, contains much testimony favorable to plaintiff, likewise to the defendants, which is not quoted in the brief."

An examination of the record as a whole sustains this concession. Without question, the evidence in this case was conflicting, and when the motion for a new trial challenged the verdict on the ground that it was contrary to the evidence, it became the duty of the trial court to weigh the evidence and to approve or disapprove the verdict, and if the verdict was such that in the opinion of the trial court it should not be permitted to stand, and it was such that he could not conscientiously approve it, and he believed it should have been for the opposite party, it was his duty to set it aside and grant a new trial. Kurn v. Thompson, 183 Okla. 185, 80 P. 2d 578 (and cases cited therein). When the trial judge sustains the motion for a new trial, every presumption will be indulged that the ruling is correct. Bailey v. Sisson, 180 Okla. 212, 69 P. 2d 65; Nichols Transfer & Storage Co. v. Lumpkin, 180 Okla. 350, 69 P. 2d 640.

Where the trial court sustains the motion for a new trial, this court will not substitute its discretion for that of the trial court where one of the issues raised is that the verdict was contrary to the evidence, and by a divided jury, and it is conceded that the evidence was much in conflict, and where the record discloses that the evidence was conflicting and was such that the jury could have rendered a verdict for either party. Kurn v. Thompson, supra.

Here, as in the Kurn v. Thompson case, supra, defendants rely on Russell v. Margo, 180 Okla. 24, 67 P. 2d 22. They also cite Shreve v. Cornell, 182 Okla. 193, 77 P. 2d 1. Defendants concede that the majority opinion in the latter case is against their contention, but contend that this court should adopt the reasoning in the dissenting opinions.

In the Russell v. Margo case, supra, this court simply held that there was "not sufficient evidence in the case to have justified a verdict in favor of the plaintiff if the jury had rendered it." Kurn v. Thompson, supra.

The judgment of the trial court granting a new trial is affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.