DOWNING v. MEALY et al.

No. 33960. March 13, 1951.

*228 P. 2d 1008.*

Biddison & Rheam, Tulsa, for plaintiff in error.

G. C. Spillers and G. C. Spillers, Jr., Tulsa, for defendants in error.

O'NEAL, J. This is an appeal from an order of the district court of Tulsa county granting defendant in error a new trial in an action to recover a money judgment.

Plaintiff in error, hereinafter referred to as defendant, was employed by defendants in error, hereinafter referred to as plaintiffs, as a bookkeeper. Her duties were to keep the books and the bank records, and handle the cash accounts of plaintiffs. Plaintiffs were engaged in operating a filling station, and selling tires, tubes and various other automobile accessories, and doing repair work on automobiles and tires. In their petition plaintiffs allege that commencing about March 14, 1944, defendant began to take and appropriate to herself certain sums of money belonging to plaintiffs; that on various and sundry occasions between March 14, 1944, and January 31, 1948, defendant received, appropriated and converted to her own use money belonging to plaintiffs in the sum of $12,643.40. An itemized statement showing the alleged appropriations was attached to the petition. The statement shows some 61 items ranging from one cent to $461.14 on various dates between March 14, 1944, through July, 1947. From August, 1947, to January, 1948, inclusive, the alleged appropriations were shown on a monthly basis showing cash receipts for each of the five months and deposits in the bank for each month, showing an alleged monthly shortage ranging from $686.34 for the month of August, 1947, to $33.51 for the month of September, 1947. Defendant filed her answer to said petition in which she specifically denied that she at any time took or appropriated to her use money belonging to plaintiffs in the sum of $12,643.40, or any other sum and specifically denied that she ever concealed any fact of appropriation or conversion, and specifically denied that she is indebted to plaintiffs in any sum whatsoever. By amended answer she pleaded the statute of limitation as to the first thirteen of the alleged items of shortage. By reply plaintiffs pleaded fraud, fraudulent concealment and misappropriation, and that said fraud was not discovered until on or about January 19, 1948, so that the statute did not begin to run until the discovery of the fraud.

The issues were tried to a jury resulting in a unanimous verdict for defendant. Plaintiffs, within three days, filed a motion for new trial setting forth nine grounds therefor. Upon consideration thereof the trial court sustained the motion and granted plaintiffs a new trial, and defendant appeals.

The assignments of error are:

(1) "The trial court erred in sustaining the motion of the plaintiffs for a new trial."

(2) "The trial court abused its discretion in sustaining plaintiffs' motion for a new trial."

(3) "The trial court erred in overruling defendant's demurrer to plaintiff's evidence."

(4) "The trial court erred in overruling defendant's motion for directed verdict."

Defendant first asserts that the nine grounds for a new trial set forth in 12 O.S.A. 1941 §651 are exclusive. In support of this assertion defendant cites St. Louis, I. M. & S. Ry. Co. v. Lewis, 39 Okla. 677, 136 P. 396, and some five or six other similar cases. Defendant then asserts that any one of the nine grounds must be set forth in the motion for new trial before it may be successfully asserted as error on appeal, and that under such rule we must look to plaintiffs' motion for new trial. Defendant then asserts that a comparison of the statutory grounds for new trial with the grounds set forth in plaintiffs' motion for a new trial would show that only the first, second, third and sixth grounds in the motion for new trial come within the statutory grounds. Defendant then cites Dillard v. Star Drill-

ing Machine Co., 180 Okla. 14, 66 P. 2d 928, wherein this court said:

"It is proper to consider the reasons assigned by the court, embodied in the above journal entry and order, in determining whether the new trial was properly granted, and the reasons so assigned are presumed to embrace all of the reasons for the action taken. Hall v. Polson, 130 Okla. 136, 265 P. 1068; Federal Surety Co. v. Little, 156 Okla. 75, 9 P. 2d 447."

The trial court, in sustaining the motion for new trial, set forth the reasons therefor as follows:

" . . . and the court having heard argument of counsel and having considered the brief submitted on behalf of plaintiffs and being fully advised in the premises finds that the verdict of the jury in this cause does not meet the ends of justice; that the verdict should have been for the plaintiffs and not for the defendant; that the verdict of the jury herein does not and cannot meet the affirmative considerate approval of the mind and conscience of this court; it is an unjust verdict; that the motion for new trial should be sustained and the verdict vacated, set aside and held for naught and a new trial granted herein."

The reasons set forth in the order do not come within any of the nine statutory grounds for new trial, unless it be the sixth of the statutory grounds, which is:

"That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law."

The evidence in the case was conflicting and was such that the jury could have rendered a verdict for either party.

It has long been the rule in this state that:

"It is the duty of a trial court, where a motion for a new trial contains, as one of the grounds therefor, that the verdict is not supported by the evidence, to weigh the evidence and to either approve or disapprove the verdict, using its own reason and judgment in determining such matter; and if the verdict is such that its own mind refuses to concur in it, after due consideration, and the court honestly believes that the verdict should have been for the adverse party, it should grant a new trial." Yarnell v. Kilgore, 15 Okla. 591, 82 P. 990.

That rule has been cited and followed in many subsequent cases. Trower v. Roberts, 17 Okla. 641, 89 P. 1113; Hogan v. Bailey, 27 Okla. 15, 110 P. 890; Citizens State Bank of Lawton v. Chattanooga State Bank, 23 Okla. 767, 101 P. 1118; Kurn et al. v. Thompson, Adm'r, 183 Okla. 185, 80 P. 578.

In Baker & Strawn v. Magnolia Petroleum Co., 124 Okla. 94, 254 P. 26, the rule was stated in somewhat stronger language, and therein the court quotes, with approval, from Hogan v. Bailey, supra, the following:

" ' . . . it is the imperative, abiding duty of the court, after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged, as in this case, to carefully weigh the entire matter, and unless it is satisfied that the verdict is responsive to the demands of justice, to set the verdict aside and grant a new trial.' "

The rule is restated in Moore et al. v. Taylor, 180 Okla. 495, 71 P. 2d 605, and in Shreve et al. v. Cornell et al., 182 Okla. 193, 77 P. 2d 1, and in Nichols Transfer & Storage Co. v. Lumpkin, 180 Okla. 350, 69 P. 2d 640.

As late as 1946 this court again stated the rule as follows:

"It is the duty of a trial court, where a motion for a new trial contains as one of the grounds therefor that the verdict is not supported by the evidence, to weigh the evidence and to either approve or disapprove the verdict, using its own reason and judgment in determining such matter; and if the verdict is such that its own mind refuses to concur in it after due consideration, and the court honestly believes that the verdict should have been for the adverse party, it should grant

a new trial." Moses v. Miller, 196 Okla. 294, 164 P. 2d 879.

Under the record it cannot be said that the trial court in sustaining the motion for new trial acted arbitrarily, capriciously, and without substantial reason, or that the court erred in its view of some pure unmixed question of law.

The order granting a new trial is affirmed.

LUTTRELL, V. C. J., and WELCH, DAVISON, HALLEY, and JOHNSON, JJ., concur. ARNOLD, C.J., and GIBSON, J., concur in conclusion. CORN, J., concurs in result.