Jim K. SIMMONS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. 36404.

Supreme Court of Oklahoma.

July 10, 1956.

Bryan Billings, Woodward, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., Mildred L. Miles, County Atty. of Harper County, Buffalo, Merle Lansden, Sp. Prosecutor, Beaver, for defendant in error.

HALLEY, Justice.

This is a bastardy proceeding filed in the County Court of Harper County by the State at the instance of the father of. Nadine E. Fox, an unmarried girl sixteen years of age who was alleged to be pregnant and that the defendant, Jim K. Simmons, was the father of putative child, which was born prior to the trial.

The defendant admitted that he was twenty-one years of age and unmarried and that he had had intercourse with the complaining witness, but denied that he was the father of the child, despite his admission that he had had sexual intercourse with the complaining witness about the time the child was conceived. He testified that a friend of his told him that he had had sexual intercourse with Miss Fox about the time of conception. Franklin Dosser was the friend referred to by the defendant, but he did not testify in this case.

This case was first set for trial March 23, 1953, when the court continued the case on his own motion until the next term of court after overruling several motions and a demurrer filed by the defendant. The matter was next set for trial December 17, 1953, and the defendant requested a continuance on the ground that his witness, Franklin Dosser, was out of the State and in the Armed Services, having been ordered to Korea; that his testimony was material for the defendant and could not be procured from any other source; and that defendant could procure his testimony by deposition within a short time. The court denied the motion and proceeded to trial by jury. The witness, Dosser, had not been subpoenaed and no effort had apparently been made to take his deposition. The jury returned a verdict of not guilty December 17, 1953.

The plaintiff filed a motion for a new trial on the ground that the verdict was contrary to the evidence. The court granted this motion December 18, 1953. No notice of hearing the motion was given the defendant or his attorney. When his attorney received the copy of the order on December 21, 1953, he filed a motion to set aside the order on December 22, 1953. On the same date, the court granted this motion and set aside his order of December 18, 1953, but on the same date entered another order sustaining the motion of the State for a new trial.

The defendant has appealed and submits that the trial court erred in that it acted arbitrarily and abused its discretion in granting a new trial to the State.

Since the order of the trial court in sustaining the State's motion for a new trial was based partly upon the ground that the verdict was contrary to the evidence we shall refer briefly to the evidence.

It is not disputed that the complaining witness was the mother of the illegitimate child after her complaint was filed, but before the trial; that she was a schoolgirl sixteen years of age when she became pregnant and that she and the defendant had had sexual intercourse at about the time she was conceived of a child. The complaining witness testified that they had at least fifteen meetings in and after September, 1952, and had had sexual intercourse on each occasion and that she had become pregnant in the fall of 1952. She was emphatic that she had never had sexual intercourse with any other man before she met defendant nor with any other man after she had intercourse with the defendant. She admitted that she did go riding with Franklin Dosser and probably with some other boys during the next two or three months after her meetings with the defendant, but denied that she had had sexual intercourse with any other person than the defendant.

The defendant testified that he had intercourse with the prosecuting witness only one time in June and one time in September, 1952, and that he had used a contraceptive. The defendant on cross-examination admitted that the child of the complaining witness might be his child but that he had known of her going out with others. He further stated one friend told him that he had had sexual intercourse with her. This last statement was hearsay.

 If the court had not set aside his first order entered December 18, 1953, and permitted the defendant or his attorney to be heard on the motion of the State for a new trial, we think the defendant's contention should be sustained. However, when the first order was set aside the defendant was given an opportunity to be heard, except to the order of the court and give notice of his intention to appeal and granted an extension of time to prepare and serve case-made, a different situation prevails. The defendant cites Smith v. City of Tulsa, 172 Okl. 515, 45 P.2d 689, in which it is said:

"Where the trial judge, on presentation of a motion for new trial, sustains said motion, it will require a clear showing of manifest error and abuse of discretion before an appellate court will be justified in reversing such ruling of the trial court."

In Russell v. Margo, 180 Okl. 24, 67 P. 2d 22, the rule is announced in the first and second paragraphs of the syllabus:

"Where it is sought on appeal to reverse an order of the trial court granting a new trial, where the issues raised necessitate such an examination, this court will examine the entire record in the case to determine whether or not the trial court has, in granting such new trial, abused its discretion, acted arbitrarily, or erred on some unmixed question of law.

"If, on review of the record, this court shall determine that in granting such new trial the trial court has acted arbitrarily or has clearly abused its discretion, or has erred on some unmixed question of law, the order granting a new trial will be reversed."

In 66 C.J.S., New Trial, § 201, p. 490, it is said:

"* * * The discretion vested in the court is not an arbitrary or capricious discretion, but rather a legal, judicial discretion, to be exercised according to, and within the bounds of, law and reason. * * *"

The defendant has cited Boorigie v. Boyd, 41 Okl. 550, 139 P. 253. There the jury had found for the plaintiff. Two days later the defendant filed a motion for a new trial which was overruled the same day, and it was alleged that this was without notice to the defendant or his attorney. This Court held that the record was insufficient to show that counsel had no notice or knowledge of the court's action but said in part:

"* * * If it were affirmatively made to appear that defendants had no opportunity to except to the action of the court in overruling the first motion, and to obtain time, if desired, in which to prepare and serve a case-made, we should be greatly disposed to grant the relief asked; but, where the duly signed court records affirmatively show that the motion for a new trial was regularly heard and overruled on a given date, such solemn record cannot be disregarded * * *."

Since the court set aside its first order upon motion of defendant and gave him an opportunity to be heard on the motion for new trial it cannot properly be held that the court acted arbitrarily in sustaining the motion when counsel for the State and the defendant were present in court.

 The State cites the case of Tulsa City Lines, Inc., v. Howell, 202 Okl. 394, 214 P.2d 255, wherein it was said in the second paragraph of the syllabus:

"A district court has a wide latitude for its action in the matter of granting new trials."

In the body of the opinion it was said:

"* * * Where the trial judge sustains the motion for a new trial, every presumption will be indulged that the ruling is correct. * * *"

Section 651, 12 O.S.Supp.1955, provides that a new trial shall be granted where the verdict of the jury is not sustained by the evidence. The evidence here clearly shows that the defendant had had sexual intercourse with the prosecuting witness in September, 1952, and that she likely became pregnant in that month. There is no competent evidence that any person other than the defendant ever had sexual intercourse with her at any time.

The action of the court will give the defendant an opportunity to procure the testimony of his friend, now in the Armed Services who appears to have told the defendant that he had had sexual intercourse with the prosecuting witness about the time her child was conceived. We think the defendant was negligent in not placing such witness under subpoena when the case was first set for trial and in failing to make any effort to take his deposition. He is a very important witness for the defendant and his failure to testify is not the fault of the State but clearly the fault of the defendant.

We will not say that the court acted arbitrarily or abused its discretion in setting aside the verdict of the jury when the evidence was insufficient to sustain the verdict. The court also must have considered the probable effect of the highly incompetent and prejudicial testimony of the defendant to the effect that a friend told him that he had had sexual intercourse with the prosecuting witness about the time when she became pregnant.

The action of the court in granting a new trial is hereby affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, BLACKBIRD, JACKSON and HUNT, JJ., concur.

DAVISON, J., concurs in result.